JANE RILEY *vs.* WILLIAM B. MITCHELL, Administrator.

December 16, 1887.

**Appeal-Bond—Sufficiency of Condition.**—If the condition of an appeal-bond substantially covers the provisions of the statute, and secures to the respondent all that the law designed for him, it is sufficient, although not in the exact words of the statute.

**Same—Appeal from Probate Court—Single Surety.**—In an appeal from the probate court to the district court, under Gen. St. 1878, *c.* 53, a defect in the appeal-bond in being executed by only one surety does not go to the jurisdiction of the appellate court over the subject-matter of the appeal, but is a mere irregularity, which the respondent may waive, or which the district court may allow to be remedied by amending the bond or filing a new one.

The plaintiff, Jane Riley, presented to the probate court for Stearns county a claim against the estate of defendant's intestate. The claim was disallowed, and plaintiff appealed to the district court, where a trial was had, and judgment was ordered and entered for defendant, which was reversed by this court. 36 Minn. 3. When the case was again called for trial in the district court for Stearns county, before *Collins,* J., and a jury, the defendant moved to dismiss, upon the ground that no appeal from the probate court was ever made or perfected, which motion was denied. It appeared that the order of the probate court disallowing plaintiff's claim was filed on October 11, 1884, and that plaintiff served and filed a notice of appeal therefrom on November 17, 1884, and at the same time filed a bond, conditioned as recited in the opinion, executed by herself and one surety. Plaintiff had a verdict for $525, and defendant appeals from an order refusing a new trial.

*Searle & Lamb,* for appellant, cited *Auerbach* v. *Gloyd,* 34 Minn. 500, (27 N. W. Rep. 193;) *In re Charles,* 35 Minn. 438, (29 N. W. Rep. 170;) Hawes on Jurisdiction, §§ 10, 11; *Dicks* v. *Hatch,* 10 Iowa, 380; *Clarke* v. *Conn,* 1 Munf. (Va.) 160; *Latham* v. *Edgerton,* 9 Cowen, 227; *Ginn* v. *Rogers,* 4 Gil. (Ill.) 131; *Ames* v. *Boland,* 1

Minn. 268, (365;) *Rathbun* v. *Moody*, 4 Minn. 273, (364;) *Moore* v. *Ellis*, 18 Mich. 77; Wells on Jurisdiction, 48; *Peak* v. *People*, 71 Ill. 278; *Shissler* v. *People*, 93 Ill. 472; *Shirk* v. *Trainer*, 20 Ill. 302; *Trobock* v. *Caro*, 60 Cal. 301; *Stark* v. *Jenkins*, 1 Wash. Ter. 421; *United States* v. *Nourse*, 6 Peters, 470, 495; *The Lucy*, 8 Wall. 307; *Palmer* v. *Peterson*, 46 Wis. 401; *Widner* v. *Wood*, 19 Wis. 190; *Chinnock* v. *Stevens*, 23 Wis. 396; *Verbeck* v. *Verbeck*, 6 Wis. 159; *Williams* v. *Holmes*, 2 Wis. 129; *Com.* v. *Richards*, 17 Pick. 295; *Com.* v. *Dunham*, 22 Pick. 11; *Jackson* v. *Wiseburn*, 5 Wend. 136; *Ladow* v. *Groom*, 1 Denio, 429; *Plano Mfg. Co.* v. *Racey*, 34 N. W. Rep. 85; *Fleischman* v. *Walker*, 91 Ill. 318; *Ohse* v. *Bruss*, 45 Wis. 442; *Randolph Co.* v. *Ralls*, 18 Ill. 29; *Boom Co.* v. *Patterson*, 98 U. S. 403; *Leigh* v. *Mason*, 1 Scam. (Ill.) 249; *People* v. *Royal*, Id. 557; *Hoagland* v. *Creed*, 81 Ill. 506; *Fahs* v. *Darling*, 82 Ill. 142; *Cobb* v. *People*, 84 Ill. 511; *Pelton* v. *Town of Blooming Grove*, 3 Wis. 310; *Dodson* v. *Scroggs*, 47 Mo. 285; *Sloughton* v. *Mott*, 13 Vt. 175, 181; Wells on Jurisdiction, 44, 45; *Dicks* v. *Hatch*, 10 Iowa, 380; *Cerro Gordo Co.* v. *Wright Co.*, 59 Iowa, 485; *Cottrell* v. *Den*, 15 N. J. Law, 344; *White* v. *Buchanan*, 6 Coldwell, (Tenn.) 32; *Damp* v. *Town of Dane*, 29 Wis. 419; *Peck* v. *School District*, 21 Wis. 516, 522; *Ex Parte Brown*, 7 Cow. 468; *Ex Parte Shethar*, 4 Cow. 540; *Smith* v. *Shaw*, 12 John. 257; *Callahan* v. *Mayor*, 66 N. Y. 656; *McMahon* v. *Rauhr*, 47 N. Y. 67, 72; *Thompson* v. *Michigan, etc., Assn.*, 52 Mich. 524; *Attorney General* v. *Moliter*, 26 Mich. 444; *Burckle* v. *Eckhart*, 3 N. Y. 132; *Elder* v. *Dwight Mfg. Co.*, 4 Gray, 201; 1 Wait's Practice, 45–186; *Woodward* v. *Garner*, 2 Pinney, 28; *State* v. *Tappan*, 29 Wis. 664; *State* v. *Richmond*, 26 N. H. 232; *Baker* v. *Hannibal & St. Jos. R. Co.*, 36 Mo. 543; *Graham* v. *Ringo*, 67 Mo. 324.

H. S. *Locke* and *Bruckart & Reynolds*, for respondent, cited, upon the question of waiver, *Hamilton* v. *Jennison*, 52 Mich. 409, (18 N. W. Rep. 193;) *Clapp* v. *Graves*, 26 N. Y. 418; *Hinkley* v. *St. Anthony Falls, W. P. Co.*, 9 Minn. 44, (55;) *McCombs* v. *Johnson*, 47 Mich. 592, (11 N. W. Rep. 400;) *Goodrich* v. *City of Omaha*, 10 Neb. 98, (7 N. W. Rep. 442;) *Matson* v. *Connelly*, 24 Ill. 142; *Curtis* v. *Jackson*, 23 Minn. 268; *Semple* v. *Anderson*, 4 Gil. 546–561; *Skillern* v. *May*, 6 Cranch, 267; *Tower* v. *Lamb*, 6 Mich. 362; *Wells* v. *Scott*, 4 Mich.

*347; Rheiner* v. *Union Depot, etc., Co.,* 31 Minn. 289; *Anderson* v. *Hanson,* 28 Minn. 400.

MITCHELL, J.[1]   The plaintiff appealed to the district court from an order of the probate court disallowing her claim against the estate of defendant's intestate for services rendered by her to the deceased in his life-time.   The appeal was tried on its merits; but upon appeal to this court, the order of the district court was reversed, and a new trial awarded.   36 Minn. 3, (29 N. W. Rep. 588.)   Upon the case being again reached for trial in the district court, but before the trial commenced, the defendant moved to dismiss the appeal, on the ground, then for the first time raised, that the district court had never acquired jurisdiction of the cause, for the reason that no appeal had ever been taken or perfected as required by law.   That an appeal in such cases is governed by the provisions of Gen. St. 1878, *c.* 53, was decided in *Auerbach* v. *Gloyd,* 34 Minn. 500, (27 N. W. Rep. 193.) That this appeal was taken, or attempted to be taken, in due time, and that the notice of appeal and the filing and service thereof, together with the order of the probate court thereon, were all in due form, and constituted a sufficient application for an appeal under the statute, is not seriously questioned, and, indeed, could not be.   The object of attack is the appeal-bond.   In drawing it, the plaintiff evidently had in mind the provisions of Gen. St. 1878, *c.* 49.   Its condition is that the appellant "shall prosecute her appeal *with due diligence to a final determination,* and pay all *costs* adjudged against her in the district court," while the condition required by chapter 53 is that the appellant "shall prosecute his appeal *with effect,* and pay all *damages and costs* which may be awarded against him on such appeal."   In cases of this kind, if the bond substantially covers the provisions of the statute, and secures to the respondent all that the law designed for him, it is sufficient, although not in the exact words of the statute.   *Kasson* v. *Estate of Brocker,* 47 Wis. 79, (1 N. W. Rep. 418;) *Doolittle* v. *Dininny,* 31 N. Y. 350; *Creighton* v. *Harden,* 10 Ohio St. 579; *Bentley* v. *Dorcas,* 11 Ohio St. 398.   In the present case there is no substantial difference between the condition of the

[1] Collins, J., having tried the case in the court below, took no part in this decision.

bond given and that required by the statute.  The words "with effect" evidently do not mean to a successful issue in favor of the appellant, but merely that he will prosecute the appeal with due diligence to a final determination.  The word "damages," as used in the statute, is evidently synonymous with "costs," because, in the very nature of things, the only damages that could be awarded against appellant "on such appeal" would be the taxable costs.  *Kasson* v. *Estate of Brocker, supra.*

A more substantial objection to the bond is that, although approved by the probate judge, it was executed by the plaintiff and only *one* surety, while the statute requires a bond with *sureties.*  *Blake* v. *Sherman,* 12 Minn. 305, (420;)  *State* v. *Fitch,* 30 Minn. 532, (16 N. W. Rep. 411.)  Defendant's contention is that, the jurisdiction of the district court in such matters being appellate, it can obtain jurisdiction of the subject-matter only by an appeal perfected in the manner provided by law; that, unless all the requirements of the statute in every particular are pursued with exactness, no jurisdiction is conferred upon the appellate court.  There are cases that hold thus strictly, but such a doctrine is technical in the extreme, and is characterized with a degree of illiberality which does not obtain anywhere else in the practice in civil actions, and is not in accordance with the maxim that appeals from inferior tribunals are favored in law.  It is undoubtedly true (and most of the cases cited by defendant only go that far) that jurisdiction cannot be conferred, even by consent, on courts, over a subject-matter on which the law does not confer it, as, for example, on a justice of the peace over a case involving the title to real estate.  But it is quite another thing to hold that every irregularity or defect in matters intended solely for the benefit of the respondent, such as the appeal-bond, goes to the jurisdiction of the court over the subject-matter.  It seems uncontested that, when the original jurisdiction of a court is invoked over a subject-matter within such jurisdiction, it should have power, in furtherance of justice, to amend any process, pleading, or proceeding, and yet, when its appellate jurisdiction is invoked under like circumstances, it should have no such power in any case.  It is unnecessary here to determine just what defects or irregularities in appeal proceedings are jurisdictional, and

what are not. Confining ourselves to the facts of this case, we are of opinion that where the other proceedings in an appeal from probate court are in due form, a defect in the appeal-bond, filed in due time, does not go to the jurisdiction of the district court over the subject-matter of the appeal, but is a mere irregularity, which the respondent, for whose benefit alone the bond is required, may waive, or which the appellate court may allow to be remedied, either by amending the bond or giving a new one. Such a rule is so eminently just and reasonable that many states have adopted it by statute as applicable to all appeals in judicial proceedings from one court to another. While we have no such provision expressly applicable to appeals from probate court under chapter 53, yet we have substantially similar ones as to appeals from justice's court to the district court, and from the district court to the supreme court; and a somewhat similar power seems to be conferred on the district court in case of appeals from the probate court under chapter 49, all of which goes to show that the general policy and theory of our statutes relating to appeals in judicial proceedings is that a defect in the appeal-bond does not go to the jurisdiction, but may be waived by the respondent, or remedied in the appellate court. In a special proceeding, where the statute makes the right of the appellate tribunal, not strictly judicial in its character, dependent upon the doing of certain acts as an essential prerequisite, of course a different rule might obtain. See *State* v. *Fitch, supra.*

In the present case, the defendant having once gone to trial in the district court on the merits, and afterwards argued the appeal in this court, without raising any objection to the bond, the district court might well hold that he had waived the defect, and for that reason denied his motion to dismiss the appeal.

Order affirmed.