IN RE ESTATE OF EILERT L. MOLLAN.
LOUISE B. MOLLAN v. IDA E. P. MOLLAN.[1]

September 12, 1930.

No. 27,535.

[1]Reported in 232 N. W. 1.

*W. T. Coe,* for appellant.

*Keyes, Pardee & Solether,* for respondent.

DIBELL, J.

The will of Eilert L. Mollan was admitted to probate in Hennepin county on May 4, 1926. Louise B. Mollan, his wife, was his sole devisee. On June 3, 1926, Ida E. P. Mollan, a daughter, appealed to the district court, and there was a trial de novo. The question whether the will was induced by the undue influence of the decedent's wife, Louise B. Mollan, was submitted to a jury which found in the affirmative. The widow appeals from the judgment.

The notice of appeal was filed in the district court on June 5, 1926. The note of issue was filed on November 5, 1927, and had the effect under the law applicable to Hennepin county of placing the appeal on the calendar. G. S. 1923 (2 Mason, 1927) § 9289. The widow on May 16, 1928, moved to dismiss the appeal. The motion was denied, and its denial is assigned as error.

The statute generally applicable to appeals from probate courts provides:

"On or before the first day of the term for which the cause is noticed, the appellant shall cause it to be entered on the calendar; otherwise the appeal shall be dismissed." G. S. 1923 (2 Mason, 1927) § 8988.

The provision for a dismissal is not an absolute command. The court may refuse to dismiss in the exercise of sound discretion. Hintermeister v. Brady, 70 Minn. 437, 73 N. W. 145. We cannot say that the court abused its discretion here. And besides Hennepin county has but one term and the statute cited applies.

The burden of proof that a will was induced by undue influence is upon the contestant. In re Hess' Will, 48 Minn. 504, 51 N. W. 614, 31 A. S. R. 665; In re Estate of Brewster, 150 Minn. 86, 184 N. W. 564; Rasmussen v. Evans, 150 Minn. 319, 185 N. W.

297; In re Estate of Jenks, 164 Minn. 377, 205 N. W. 271; 6 Dunnell, Minn. Dig. (2 ed.) § 10240, and cases cited.

This burden is a continuing one. It is present before the court or jury when the final finding is made. In no proper sense does it shift as the trial proceeds. In some of the cases we have unfortunately referred to the shifting of the burden but not with the meaning that finally, when the determination of fact is made, the issue is anything but one upon which the party having the affirmative has the burden. This question was discussed at length in Keeley v. Ochs, 167 Minn. 120, 208 N. W. 535, and in In re Estate of Jernberg, 153 Minn. 458, 190 N. W. 990. These cases and others cited in them give a very satisfactory discussion and reach the approved result.

■ The evidence of undue influence to be sufficient to set aside a will must be clear and convincing. The fact may be proved wholly or in part by circumstantial evidence; but on the whole it must be such as reasonably and clearly to convince the trier of fact that undue influence was successfully practiced. In re Nelson's Will, 39 Minn. 204, 39 N. W. 143; In re Hess' Will, 48 Minn. 504, 51 N. W. 614, 31 A. S. R. 665; In re Estate of Jenks, 164 Minn. 377, 205 N. W. 271; 6 Dunnell, Minn. Dig. (2 ed.) § 10241.

■ The rule is that a finding of the court will not be disturbed on appeal unless manifestly contrary to the evidence; and this rule applies though the fact in issue must be proved by clear and convincing evidence. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; Holien v. Slee, 120 Minn. 261, 139 N. W. 493; Foster v. Brick, 121 Minn. 173, 141 N. W. 101; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685; Freeburg v. Honemann, 126 Minn. 52, 147 N. W. 827; Murphy v. Anderson, 128 Minn. 106, 150 N. W. 387; Young v. Baker, 128 Minn. 398, 151 N. W. 132; Rechtzigel v. National Cas. Co. 143 Minn. 302, 173 N. W. 670; 1 Dunnell, Minn. Dig. (2 ed.) § 411.

■ The principal and substantially only question is whether the finding of the jury of undue influence is sustained. The deceased, Eilert L. Mollan, came to Minneapolis from Norway in 1884 with

his wife, Marie. She died in 1907. He married a year or two later. His second wife died shortly thereafter, and in 1911 he married Louise Lee, the present Louise B. Mollan. His other heirs are Ida Mollan, his daughter by his first wife, and a granddaughter, now Mildred Murray, the issue of a deceased son by his first marriage.

Mollan was a sturdy character not easily crossed in his purposes and not easily influenced. His family life was happy in his first marriage and in his second marriage. After his third marriage in 1911, there is evidence that his wife dominated him. Still there is evidence that they got along well together. There is evidence that immediately after the marriage, when he was in financial distress, she gave him several thousand dollars, which aided in getting him back in financial condition. After his third marriage he was sick some of the time. He had some trouble with his foot which resulted in an operation, and during the later years of his life he was feeble. The evidence quite well justifies the finding that his wife sought to keep him and his children apart and that she succeeded in estranging them. This much of the evidence is garrulous and gossipy; still it was sufficient to justify the jury in believing that her purpose was to alienate his children from him. They were not welcome visitors at his home. They were there hardly at all. His daughter, Ida, had apparently been helpful in establishing a hotel or hospital or whatever it was, out of which they made money, in the early part of his residence in Minneapolis. There is evidence that his wife insisted that his children should not be around and that she gave a bad name to Ida. On the other hand there is evidence that Mollan had a grievance of his own against Ida. He gave her a piece of property in the vicinity where he lived which he may have thought a sufficient gift for her. The finding reached by the jury and the court is sustained.

■ One Murray, the husband of the granddaughter, Mildred Murray, testified as to conversations with the decedent. The statute, G. S. 1923 (2 Mason, 1927) § 9817, relative to conversations of interested persons with deceased persons would not make him an incompetent witness. Thill v. Freiermuth, 132 Minn. 242, 156 N. W.

260; Malley v. Quinn, 132 Minn. 254, 156 N. W. 263; Dale v. First Nat. Bank, 178 Minn. 452, 227 N. W. 501.

The deposition of Murray was taken in Washington. The printed record relative to the taking of the deposition is not complete. The original record has not been returned. As far as we can gather the appellant claims that a sufficient allowance of time by one day was not given and that the deposition was not in fact taken until after the day that the notice designated. The respondent claims that the record would show differently. Counsel for the appellant admitted at the trial that there was no real or definite prejudice, and in the condition of the record we consider his claim no further.

Judgment affirmed.

