## IN RE ESTATE OF JOSEPH VAN SLOUN.
## MARTIN VAN SLOUN AND OTHERS v. DANA DuTOIT.[1]

March 19, 1937.

No. 31,157.

*F. Gordon Wright* and *John A. Goldie,* for appellants.
*W. F. Odell* and *A. E. Huering,* for respondent.

HILTON, JUSTICE.

Appeal from a judgment entered pursuant to an order of the district court dismissing, because of lack of jurisdiction, an appeal from an order of the probate court.

February 25, 1936, the probate court allowed, over the objections of the appellants, the will of one Joseph Van Sloun. March 20, 1936, the appellants duly served and filed their notice of appeal from the order allowing the will and furnished and filed in the probate court on March 21, 1936, a duly approved appeal bond. June 15, 1936, the respondent served notice of a motion for dismissal of the appeal. A copy of the appeal bond and a copy of the statement of the propositions of law and fact upon which the appellants relied for reversal of the order of the probate court were not served

[1]Reported in 272 N. W. 261.

upon the respondent until June 26, 1936. The district court granted the motion to dismiss on the ground that the appeal bond had not been served on the adverse party as required by § 166 of the new probate code, see L. 1935, c. 72, 3 Mason Minn. St. 1936 Supp. § 8992-166.

As one ground for dismissal respondent alleged, in the lower court, that the appellants did not, within 20 days after the perfection of their appeal, file with the clerk of the district court or serve upon the adverse party a clear and concise statement of the propositions of law and of fact upon which they were relying for reversal of the order of the probate court as required by § 169 of said code. As held in In re Estate of Slingerland, 196 Minn. 354, 265 N. W. 21, noncompliance with that section is not necessarily jurisdictional. Appellants therefore urge that respondent by seeking a dismissal for a nonjurisdictional reason put in a general appearance, thereby subjecting himself to the jurisdiction of the district court and precluding himself from obtaining any relief by virtue of appellants' noncompliance with the provisions of § 166.

The fact that respondent was mistaken as to the extent of the relief that would be granted because of failure to comply with the provisions of § 169 did not make his appearance general. It is not essential for the moving party in a motion to dismiss to specifically state that the appearance is "special," for as said in Houlton v. Gallow, 55 Minn. 443, 445, 57 N. W. 141, 142, in determining whether an appearance is general or special the court will look "to the purposes for which it was made, rather than to what the party had labeled it." Here the motion undoubtedly was made on the ground that the court had acquired no jurisdiction because of the failure to file a statement of the propositions of law and fact. That is readily apparent from the tenor of the motion. For that matter, even had counsel given the motion a specific label it would not have been conclusive as to the nature of the appearance. See St. Louis Car Co. v. Stillwater St. Ry. Co. 53 Minn. 129, 54 N. W. 1064. Respondent did nothing to indicate that he was asking the court to exercise its discretion, nor did he at any time so act as to assume

that jurisdiction existed so as to bring himself within the rule of Burt v. Bailey, 21 Minn. 403, or Johnson v. Hagberg, 48 Minn. 221, 50 N. W. 1037. At all times the jurisdiction of the court was questioned. The circumstance that respondent was in error as to his rights under the first alleged ground of relief does not detract in the least from this all-important fact. The rights of litigants should not be jeopardized by a requirement that a party act at his peril merely because the grounds alleged for relief in a motion made for the purpose of objecting to the jurisdiction of a court are not meritorious.

More difficult is the question whether the failure to serve a copy of the appeal bond on the adverse party was jurisdictional. The lower court held that it was. Section 166 of the new probate code provides:

"**Requisites.**—Such appeal may be taken by any person aggrieved within thirty days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal effective (1) the appellant shall serve upon the adverse party or his attorney, or upon the probate judge for the adverse person who does not appear, a written notice of appeal specifying the order, judgment, or decree appealed from, file in the probate court such notice with proof of service thereof, and pay the required fee for the return, (2) the appellant * * * shall file in the probate court a bond in such amount as that court may direct, conditioned to prosecute the appeal with due diligence to a final determination, to pay all costs and disbursements, and to abide the order of the court therein. The notice of the order, judgment, or decree appealed from, the notice of appeal, and bond, if required, shall be served as in civil actions in the district court."

That the bond was not served is admitted. Is the last sentence of § 166 mandatory in requiring that the bond be served, or is it merely directory as to the manner in which service may be made? To us it seems to require service. In In re Estate of Slingerland, 196 Minn. 354, 265 N. W. 21, § 166 was partially construed in order

to make a comparison with § 169 following it. There it was indicated that because of the fact that the entire section is headed by the word "requisites" of an appeal and also contains the phrase "To render the appeal effective," the requirements stated therein were jurisdictional. The sentence here being construed contains part of those requirements. Cut down to bare essentials, the sentence reads: "The * * * bond * * * shall be served as in civil actions in the district court." Certainly it must mean that the bond is to be served and that the service is to be made as are services of other matters in civil actions had in the district court. This particular requirement of the code is new. Sections 8984 and 8985 of 2 Mason Minn. St. 1927, which § 166 of the code replaced, did not contain it. Thus precedent is not of much help.

No discretion is left to the court in this matter. 2 Mason Minn. St. 1927, § 8988, provided that an appeal from the probate court to the district court "shall be dismissed" unless the cause was entered on the calendar on or before the first day of the term for which it was noticed. In In re Estate of Mollan, 181 Minn. 217, 232 N. W. 1, and Hintermeister v. Brady, 70 Minn. 437, 73 N. W. 145, that section was construed and held to confer a discretion on the district court as to whether it would dismiss for failure to comply with it. That is not the situation here. In the instant case the district court never has acquired jurisdiction; thus there is no possible authority for it to exercise any discretion. That right cannot arise until jurisdiction has been acquired. Under § 8988 the appeal to the district court actually had been perfected, and then the question as to whether the court would dismiss the cause arose. That was after the court actually had jurisdiction. Here it never has been obtained.

Appeals from the probate court being entirely statutory, it necessarily follows that there must be compliance with the statute allowing them. In re Estate of Ploetz, 188 Minn. 401, 247 N. W. 804; In re Estate of Mikkelson, 178 Minn. 601, 228 N. W. 174. The case is not controlled by Riley v. Mitchell, 38 Minn. 9, 35 N. W. 472, in which it was held that the filing of a defective bond was only an

irregularity, for the reason that there a bond actually was filed as required. Here there was no service of the bond at all. There was not even an attempt to comply with the requirements of § 166 in this regard. Although questions of this nature "should not be disposed of on an impractical ground and so brought to a result in conflict with practical requirements," see In re Estate of Peterson, 197 Minn. 344, 347, 267 N. W. 213, 215, 104 A. L. R. 1188, in the instant case the question of impracticability cannot be considered, for the legislature has very definitely, and apparently after a great deal of thought, determined that the bond "shall be served" and has made such service one of the "requisites" "to render the appeal effective." The suggestion that the word "requisites" is simply a "headnote" placed as such sometimes are by an annotator is without merit, for as originally introduced in the legislature (House File No. 787), the section contained both the word "requisites" and the provision that the bond "be served." Although the bill was amended in other particulars, no change was made as to this particular section. The clear and expressed purpose of the legislature cannot be disregarded.

A certain pamphlet from which a notation is made by appellants, prepared by the chairman of the judiciary committee of the state senate at the time the probate code was up for consideration in the legislature, although apparently printed with official consent, is not helpful in explaining this particular sentence. It makes no comment at all relative to the part of § 166 here being considered.

Affirmed.

LORING and JULIUS J. OLSON, JUSTICES (concurring).

It seems to us that the section here under discussion "is plain and unambiguous," and as such "there is no room for construction. A statute is to be enforced literally as it reads if its language embodies a definite meaning which involves no absurdity or contradiction. In such a case the statute is its own best expositor." 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8938.

The new act was prepared by men of recognized ability. That they intended to change prior law respecting "requisites" to effectuate an appeal is obvious.

STONE, JUSTICE (dissenting).

I agree that the motion to dismiss did not constitute such a general appearance by respondent below as to deprive him of the right to take advantage of a jurisdictional defect in the appeal, if any. My difficulty is in finding any such defect. In fact, my consideration has resulted in the conclusion that there was none.

First, I must reject emphatically and utterly the idea that the mere index word "requisites," preceding § 166, is of any significance in its interpretation. There are an even 200 sections in the probate code, every one preceded by an index word suggestive of the subject matter dealt with. The idea that such a mere index reference can have any effect by way of expanding or limiting the meaning of that portion of the law indexed is something new to my experience and, I submit, almost unheard of in statutory interpretation. The other 200 sections of the probate code may be examined in vain to find a single index word which by any stretch of the imagination can be taken as a designed indication of what the legislature intended by the language used in the section.

The next thing to be considered is that we are dealing not with new, but with a revision of old, law. An attempt to introduce so radical a change as that established by this decision will not be lightly inferred from a mere change of phraseology in revision. Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555; Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057; 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8961, and cases therein cited. A little later I will consider more at length the slight change that has been made.

As it stood before its revision by the probate code, the statute, 2 Mason Minn. St. 1927, § 8985, read as follows:

"No appeal shall be effectual for any purpose unless the following requisites are complied with by the appellant within thirty days after notice of the order, judgment, or decree appealed from:

"1. The appellant shall serve a written notice upon the adverse party, his agent or attorney who appeared in court, and, when there has been no appearance, by delivering a copy of such notice to the probate judge for such party. Such notice shall specify the order,

judgment, or decree, or such part thereof as is appealed from, be signed by the appellant or his attorney, and be served in the same manner as notices in civil actions, and, together with proof of service thereof, be filed in the probate court.

"2. In case any person other than the representative appeals, he shall execute a bond, with sureties, to the judge, conditioned that he will prosecute his appeal with due diligence to a final determination, pay all costs and disbursements, and abide the order of court therein. But no appeal from an order, judgment, or decree shall be taken after six months from the entry thereof."

That had been our law for 59 years. Service of notice of the appeal was jurisdictional. Service of the bond was not, the statute requiring as to the latter only its execution. As changed by the probate code, the statute reads, L. 1935, c. 72, § 166:

"Sec. 166. Requisites.—Such appeal may be taken by any person aggrieved within thirty days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal effective (1) the appellant shall serve upon the adverse party or his attorney, or upon the probate judge for the adverse person who did not appear, a written notice of appeal specifying the order, judgment, or decree appealed from, file in the probate court such notice with proof of service thereof, and pay the required fee for the return, (2) the appellant, other than the State, the Veterans' Administration, or a representative appealing on behalf of the estate, shall file in the probate court a bond in such amount as that court may direct, conditioned to prosecute the appeal with due diligence to a final determination, to pay all costs and disbursements, and to abide the order of the court therein. The notice of the order, judgment, or decree appealed from, the notice of appeal, and bond, if required, shall be served as in civil actions in the district court."

It will be observed that the second sentence undertakes by enumeration to say what should be done "to render the appeal effec-

tive." That is a repetition, not of the language, but of the precise idea of the old statute. Concerning the notice, the declaration is that "the appellant shall serve" it upon the adverse party and file it "with proof of service thereof." Service and filing of the notice with proof of service in the time stated are jurisdictional prerequisites. The legislature made that very clear.

Now, if it had entertained that same intention concerning the bond, would we not find the same language in respect thereto? But we do not. On the contrary, all that is said concerning the bond is that, when required, the appellant "shall file in the probate court a bond in such amount as the court may direct," conditioned as stated.

Stopping there, analysis of § 166 shows absence of expressed intention to change the old law. The only intention thus far expressed is that, whereas the notice is to be served as prerequisite to the appeal, and filed with proof of service, the bond need not be served.

I now proceed to what is considered the new language which is assigned as the real basis for the decision, the concluding sentence of § 166. It reads thus: "The notice of the order, judgment, or decree appealed from, the notice of appeal, and bond, if required, shall be served as in civil actions in the district court."

My submission is that the sentence prescribes only the *manner* of service where service is required. That is necessarily so because it refers first to "notice of the order, judgment, or decree appealed from," and such notice is not prerequisite to the appeal. Furthermore, to consider this sentence as making service prerequisite renders redundant, flagrantly so, all that was said earlier in the section about service of the notice. The only way to give *all* the language of the section an effect which will render the whole harmonious is to consider the concluding sentence a direction simply as to *manner* of service and as adding nothing to the conditions precedent to the appeal, already carefully stated.

It is important to remember that from the very beginnings of our procedural law, *service* of the bond on appeal has not been jurisdictional. That remains true as to appeals to this court. In the

latter field the statute (2 Mason Minn. St. 1927, § 9507) requires that a copy of the bond on appeal "be served on the adverse party with the notice of appeal." But such service is not jurisdictional and has never been. With such a background, we should not conclude on any mere implication, short of certainty, that the legislature has intentionally made *service* of the bond jurisdictional on appeals from the probate court where there is no suggestion of such a change as to appeals from the district court.

The concluding sentence of § 166, on which the majority opinion must stand, is not so very new after all. It was in the old law (2 Mason Minn. St. 1927, § 8985), but its requirement there applied only to the notice of appeal, which was to be served "as notices in civil actions." There, certainly, the words had nothing to do with the *fact* of service, already explicitly demanded, but referred only to the *manner* of service. What reason is there to suppose a different and much wider effect is to be given the old words from their mere transposition in the new law?

Of course, service of the bond is required to inform the respondent concerning it and so that he may object to the sureties. But that is far from saying that such service is jurisdictional. To the extent that there is *new* meaning in the concluding sentence of § 166, it is that "notice of the order, judgment, or decree appealed from" (never one of the requisites of an appeal) and the bond as well as the notice of the appeal itself (as under the old law) are to be served "as," *i. e.*, in the same manner as, in civil actions. The bond is required to be served in civil actions. (2 Mason Minn. St. 1927, § 9507.) But such service is not jurisdictional. Failure to serve the bond is a mere "irregularity." Barrett v. Smith, 184 Minn. 107, 109, 237 N. W. 881. In the light of the district court procedure and this explicit reference to it in the probate code, what is there to indicate so drastic an intentional change as that now held to exist? All reasonable inferences from the new law, when considered with the old, and the existing law as to appeals from the district court, appear to me to demonstrate that there was no intention to make service of the bond jurisdictional.

If it is jurisdictional, the bond on appeal cannot be waived. Can anyone suppose that the revisers of the probate code intended that result? (They were not acting in the interest of surety companies or their agents.) Is it not conclusive on the point that, had it been the intention of the legislature to make service of the bond jurisdictional, they would have said so in the same explicit and careful language used in expressing that purpose as to the notice of appeal? Isn't the fact that in the case of the notice they have expressly required service, and in the case of the bond only its filing is demanded as under the old law, demonstrative of the continued intention that service of the bond be not prerequisite to the appeal?

This construction of § 166 is confirmed by § 167 (with which it must be construed), which states what the probate court must return to the district court when an appeal has been "effected." "The notice of appeal with proof of service thereof" must be returned, but only "the bond if required." *There is no reference to proof of service of the bond.* Surely, if the intention had been to make service of the bond jurisdictional, there would have been a requirement that the return include proof of such service so as to show jurisdiction, which is the prime purpose of a return on appeal. If the new intention was to make *service* of *both* notice and bond jurisdictional, how explain the same *old* statutory demand that the return contain *proof of service* of the notice without similar proof as to the bond?

If our decision is correct, the revisers of the probate code have specified a return which must fail to show jurisdiction.

If we indulge the assumption (to me untenable) that § 166, standing alone, has a crystalline clearness, does it not become bafflingly opaque when construed, as it must be, with § 167?

If by any chance the foregoing is correct, the order should be reversed.

Peterson, Justice (dissenting).

Mr. Justice Stone has stated his views so clearly that I hesitate to add anything. It seems clear that the body of § 166 states in unmistakable language what is required to render an appeal effec-

tive. It does not require service of the bond on appeal. Such requirement should not be read into the statute by construction. It seems to me that there is no connection between the ability of the authors of the act and its meaning. Why should it be thought that men of ability and practical experience would make service of a bond on appeal a jurisdictional requisite? The dissent of Mr. Justice Stone answers this query. Far from giving support to the views of the majority, conceded ability of the authors of the act would rather tend to support the dissent.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.