IN RE ESTATE OF ERNEST ZEBOTT.
NELLE ZEBOTT v. WILDEY H. MITCHELL.[1]

July 1, 1938.

No. 31,617.

[1]Reported in 280 N. W. 652.

*N. B. Arnold* and *V. J. Michaelson,* for appellant.
*Gillette, Nye, Harries & Montague,* for respondent.

STONE, JUSTICE.

Nelle Zebott appeals from an order of the district court granting the motion of Wildey H. Mitchell to dismiss two appeals from the probate court. One was from an order allowing the final account of respondent Mitchell as administrator *d. b. n., c. t. a.,* of the estate of Ernest Zebott, deceased; the other from an order discharging Mr. Mitchell as administrator.

Because of appellant's failure to make timely service and filing of the bond on her appeal from the probate court, that appeal was dismissed in the district court. If that order went on the sole ground that service and filing of the bond remained jurisdictional under the rule of Van Sloun v. DuToit, 199 Minn. 434, 272 N. W. 261, it was erroneous. That rule no longer stands under L. 1937, c. 435, § 21 (3 Mason Minn. St. 1938 Supp. § 8992-166), which amended section 166 of the new probate code (L. 1935, c. 72) so as to vest in the district court a discretion to "permit an amendment on such terms as may be just" of the procedure on an attempted appeal from the probate court if, as here, "due notice of appeal" was given. Dahn v. Dahn, 203 Minn. 19, 279 N. W. 715.

There are statements in the briefs indicating that on the hearing of respondent's motion to dismiss appellant orally moved to be relieved from her failure in due time to file and serve her appeal bond, but the record reflects no such motion. It shows no application by appellant, with or without a showing of merit, formal or otherwise, for an exercise of the discretion permitted if not required by the 1937 law. Appellant, therefore, is in no position to assign error because of the alleged failure of the court to exercise such discretion.

The order discharging Mr. Mitchell as administrator, which followed the one settling his account, is not appealable under § 164 of the probate code (3 Mason Minn. St. 1938 Supp. § 8992-164). Hence the attempt to appeal therefrom was a nullity and the order dismissing it the only one to be made. But does it follow, as respondent argues, that the order discharging him must remain in effect whatever happens to the order settling his account? Would that order remain in force for any purpose if the order settling the account were annulled on appeal?

The order is affirmed.