RICHARD GUY v. DICTATING MACHINE & RECORD
COMPANY, INC. AND OTHERS.
ALEXANDER WINSLOW AND ANOTHER,
APPELLANTS.[1]

November 22, 1940.

No. 32,414.

*Samuel A. Warren,* for appellants.
*Gustav C. Axelrod,* for respondent.

[1]Reported in 294 N. W. 877.

LORING, JUSTICE.

This was a suit to recover for services rendered to the corporation Dictating Machine & Record Company, Incorporated. Upon the trial of the case it developed that the corporation had not been organized at the time the services were rendered, but that the business which it conducted had been previously conducted by Milton B. Wahl and Alexander Winslow as copartners doing business as the Dictating Machine & Service Company or sometimes as the Dictating Machine & Record Company. When this defense was developed, the defendant corporation rested and moved for a directed verdict, which was refused. The plaintiff then moved to amend his complaint by substituting the partners as defendants in place of the corporation. The amendment was allowed over the objection of the members of the partnership, as well as of the corporation, which, of course, was error. Parties may not be brought into court by the mere amendment of pleadings.

The defendant corporation at the close of the plaintiff's case rested for the purpose of making a motion for a directed verdict on the ground that it conclusively appeared that the plaintiff was never employed by the corporation or did any work for it. The court overruled the motion to direct, and the defendant corporation then obtained leave to reopen its case, whereupon the plaintiff amended his complaint "to conform with the proof, namely, as to paragraph 1 which reads as follows: 'At all times herein mentioned defendant was a copartnership with its principal place of business in the city of Minneapolis, Minnesota.' That the word 'Inc.' be eliminated from the title and that the title on paragraph 1 be stricken out and that the correct name, that [of] the copartnership at all times hereinafter stated was the Dictating Machine & Record Company and not the Dictating Machine & Record Company, Incorporated." The defendant corporation promptly objected to the allowance of the amendment of the complaint on the ground that it was

"an improper method of bringing parties into court"; that the individuals who constituted the partnership, namely, "M. B. Wahl and A. Winslow, have never been served with summons and complaint in this case." In the course of his objection, the counsel for defendant corporation made the statement that the partnership had done business under the name of Dictating Machine & Service Company and not otherwise. Thereupon the plaintiff again obtained leave to amend his complaint by adding to the previous statement, "also known as Dictating Machine & Service Company." The court overruled the objection to this last amendment, and counsel for the defendant corporation took exception thereto. The court thereupon stated: "From the light of these amendments, it might be necessary to reopen the case on both sides," and counsel for the defendant corporation asked leave to make a motion, which was for a directed verdict on behalf of the corporation, and counsel again objected to the joining of the partners as defendants as an improper method of service upon the individuals. He stated "that there is but one defendant in this case and that is the Dictating Machine & Record Company." This objection was overruled and exception was taken, and counsel for the defendant corporation said, "May the record show defendant reopens for the purpose of proceeding with *its* defense." (Italics supplied.)

Thereupon the partners were called and put in their testimony on the merits. We do not believe that they thereby waived their objection to the jurisdiction of the court. While counsel did not use the words "special appearance" in making the motion which raised the question of the court's jurisdiction, we think that in substance he made it clear that he did so object to the jurisdiction and that he entered no general appearance for the defendants. In Houlton v. Gallow, 55 Minn. 443, 445, 57 N. W. 141, 142, Mr. Justice Mitchell speaking for this court said: "In determining whether an appearance was general or special, we have

looked to the purposes for which it was made, rather than to what the party had labeled it," and the test of whether or not an appearance is special or general is determined by whether or not the objection raised goes solely to the jurisdiction of the court. If made for any other purpose than to question the jurisdiction, it is a general and not a special appearance and subjects the party to the jurisdiction by consent; but a party cannot be deemed to submit to the jurisdiction of the court by the mere act of denying its jurisdiction. Higgins v. Beveridge, 35 Minn. 285, 28 N. W. 506. It is not the technical use of the words "special appearance" that saves a party's rights to question the jurisdiction of the court. As we stated in the case of In re Estate of Van Sloun, 199 Minn. 434, 435, 272 N. W. 261, 262:

"It is not essential for the moving party * * * to specifically state that the appearance is 'special,' for * * * in determining whether an appearance is general or special the court will look 'to the purposes for which it was made, rather than to what the party had labeled it.'"

If the record shows that the objection to the jurisdiction was fairly raised, overruled, and no general appearance entered, we think that the party's rights are sufficiently saved, and that he does not waive the objection by answering to the merits and proceeding to trial. Perkins v. Meilicke, 66 Minn. 409, 69 N. W. 220. We think that, while counsel when speaking for the individual defendants did not use the words "special appearance" in making the objection, he nevertheless, in substance, challenged the jurisdiction, and that only, and that they were not precluded from raising this objection by putting in their evidence on the merits. In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261; Morehart v. Furley, 149 Minn. 56, 182 N. W. 723; Board of Co. Commrs. v. Smith, 25 Minn. 131. So far as the individuals were concerned, the defendants' counsel objected solely for the purpose of urging jurisdictional

grounds. So far as they were concerned, the objection went no further. What else was said in making the objection was said in behalf of the defendant corporation, in behalf of which a verdict was not directed but a dismissal granted later on at the close of the defendants' testimony.

The order of the municipal court is reversed with directions to set aside the verdict and to dismiss the action as to the individual defendants.