## ELLERBE v. GOLDBERG.
### No. 629.

Municipal Court of Appeals for the District of Columbia.

July 14, 1948.

Rehearing Denied July 19, 1948.

James D. Graham, Jr., of Washington, D. C. (Dayton M. Harrington, of Washington, D. C., on the brief), for appellant.

Jack Politz, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal granted on application from the Small Claims Branch of the trial court.[1] Plaintiff's claim for an alleged balance due on the purchase of merchandise was filed June 9, 1943. In accordance with Rule 8 of the Small Claims Branch service was made by registered mail and the return receipt showed receipt by defendant's wife as agent for her husband. Defendant did not appear on the return day and on July 2, 1943, judgment by default was entered against him upon the filing on behalf of plaintiff of an affidavit in compliance with the Soldiers' and Sailors' Civil Relief Act of 1940.[2] This affidavit stated that affiant had caused a careful investigation to be made and that the defendant was not in the military service, had not been ordered to report for induction and had not received his induction papers.

On March 24, 1948, a writ of attachment was issued on the judgment and served upon defendant's employer. Promptly thereafter defendant filed a motion to quash the writ of attachment and to vacate the judgment, alleging (1) that the judgment was taken by default against him while he was overseas in the armed services, (2) that he had no knowledge of the suit and did not know of the judgment until service of the writ of attachment, and (3) that the affidavit filed under the Soldiers' and Sailors' Relief Act was false. In support of this motion he filed an affidavit stating (1) that he was inducted into the armed forces on October 2, 1942, (2) that he sailed from New York with the armed forces on February 8, 1943, (3) that he was with the armed forces and outside the United States continuously during the entire year of 1943 from and after February 8, 1943, and (4) that he had no knowledge of the action against him until the writ of attachment was served. At the hearing on the motion no attempt was made by plaintiff to refute any of the facts stated in defendant's affidavit and the court vacated the judgment and quashed the writ of attachment.

After granting the motion the court continued the case one week for hearing on the merits. Defendant protested this action, asserting that the court was without jurisdiction because of lack of valid service. The court ruled that filing of the motion to vacate judgment and quash attachment constituted a general appearance, that the defendant was then before the court and the court had jurisdiction to proceed with the case. Prior to the continued date defendant filed a motion to quash service on the ground that he had never been properly served. This motion was denied. A hearing on the merits followed and judgment was entered against the defendant.

It is argued by plaintiff that the filing of the motion to vacate judgment and quash attachment was not made under special appearance and therefore constituted a general appearance. This argument cannot be sustained. Whether an appearance is special or general depends not upon its name but upon its purpose.[3] While it is probably better practice to designate an appearance as special when so intended, nevertheless if it is clear that the sole purpose of the appearance is to attack the jurisdiction of the court over the person of defendant such an appearance is special. It

[1] Code 1940, Supp. V, 11—772 (a).

[2] 50 U.S.C.A.Appendix, § 520.

[3] Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Manning v. Furr, 62 App.D.C. 281, 66 F.2d 807; Houlton v. Gallow, 55 Minn. 443, 57 N.W. 141; Judson et al. v. Superior Court of Los Angeles County, 21 Cal.2d 11, 129 P.2d 361.

is not the technical use of the words "special appearance" which saves a party's rights.[4] It is plain that the purpose of the motion to vacate and quash rested upon the claim that service upon defendant had not been made and that the court had acquired no jurisdiction over him. This was a special appearance and did not constitute a general appearance.

It would also have been better practice for defendant to have included in his motion to vacate judgment and quash attachment a motion to quash service. However, the procedure in the Small Claims Branch of the court is of a simplified nature and strict rules of pleading and practice do not apply. We think that the motion to vacate the judgment and quash the attachment, based as it was on jurisdictional grounds, was sufficiently broad to include by implication an attack on the service of process, and that the irregularity was cured by the subsequent filing of the motion to quash service. Defendant's course of action was consistent with his challenge to the jurisdiction of the court, and no act of his constituted recognition that he was in court to defend on the merits. Accordingly we think the trial court was in error in holding that the defendant had entered a general appearance. And going to trial on the merits after his motion was denied did not preclude defendant from raising the jurisdictional question on appeal.[5]

The Soldiers' and Sailors' Relief Act did not exempt defendant from service of civil process,[6] and there remains the question whether the purported service was valid. Service was effected, as hereinbefore stated, by means of registered mail delivered to the wife of the defendant at his home. This method of service is valid if it is reasonably calculated to give the defendant notice of the pending action and opportunity to be heard.[7] Under ordinary circumstances such service has this effect.[8] but it needs no argument to demonstrate that notice by registered mail delivered to the wife of a defendant who is then serving in the United States Army in time of war and who has been out of this country for four months prior thereto, is not calculated to give reasonable notice or any notice to such a defendant.[9] The attempted service was invalid and should have been quashed.

Reversed.

---

[4] Guy v. Dictating Machine & Record Co., Inc., 208 Minn. 534, 294 N.W. 877.

[5] Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L. Ed. 1244; Eichelberger v. Arlington Building, Inc., 52 App.D.C. 23, 280 F. 997.

[6] McFadden v. Shore, D.C., E.D.Pa., 60 F.Supp. 8; Kurilla v. Roth, 132 N.J.L. 213, 38 A.2d 862.

[7] Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486.

[8] Maktos v. Hill, D.C.Mun.App., 32 A.2d 706.

[9] Robinson v. Five One Five Associates, Corporation, 180 Misc. 906, 45 N.Y.S.2d 20. Cf. cases cited in footnote 6.