## STATE EX REL. ROBERT P. RYAN v. CIVIL SERVICE COMMISSION OF MINNEAPOLIS AND OTHERS.

154 N. W. (2d) 192.

November 10, 1967—No. 40,334.

831, 45 A. L. R. (2d) 1144; Sawdey v. Schwenk, 2 Wis. (2d) 532, 87 N. W. (2d) 500, 69 A. L. R. (2d) 1256.

*Gerald R. Freeman,* for appellant.

*Keith M. Stidd,* City Attorney, and *Arvid M. Falk,* Assistant City Attorney, for respondents.

NELSON, JUSTICE.

Appeal from an order of the District Court of Hennepin County granting respondents' motion to dismiss two writs of certiorari.

On June 24, 1965, a hearing was held before the Civil Service Commission of Minneapolis to determine the propriety of discharging relator, Robert P. Ryan, from the Minneapolis Police Department because of a hearing loss. The commission's decision, of which relator's attorney received notice November 3, 1965, sustained the police department head's recommendation of discharge.

On December 30, 1965, relator filed a petition for a writ of certiorari to the district court. The original writ and a surety bond in the amount of $500 were filed with the clerk of the district court the same day. The writ was not endorsed "by some responsible person as surety for costs" as required by Minn. St. 606.03.

The writ was captioned:

"State of Minnesota ex rel. Robert P. Ryan,

Relator,

vs.

"Civil Service Commission of the City of Minneapolis, a Municipal Corporation, and Thomas O. Kachelmacher, John F. Burmeister, John W. Proctor and Calvin Hawkinson,

Respondents."

It was addressed to the Industrial Commission. Service of the writ was made upon John W. Proctor, secretary of the Civil Service Commission,

by substituted service upon an employee of the commission. Mr. Proctor is personnel director and secretary and is not a member of the commission.

While the commission was named as a respondent, as were the two persons then making up the commission, it has not been recognized as a legal entity, an artificial person created by law (statute or charter) and existing separate from its members, which is capable of suing or being sued. See, 14 Dunnell, Dig. (3 ed.) § 7320; Minn. St. 540.15 and 540.151. The Minneapolis City Charter has given certain agencies of the city the right to sue and be sued, to plead and to be impleaded in any court, etc. Chapter 19, in which the Civil Service Commission was created, does not give it those rights. Thus, process to be effective against them must be addressed to each of the commissioners, individually and as members of that commission.

It appears from the files that at the time service was attempted upon the commission, it was also made upon Arvid M. Falk, assistant city attorney, who at that time was representing respondent Hawkinson, the department head who had recommended the dismissal of relator. Falk was not at that time attorney for the commission or Thomas O. Kachelmacher, John F. Burmeister, or John W. Proctor. It is thus contended by respondents that the court below did not gain jurisdiction, since there was no service made upon the members of the Civil Service Commission, the board whose administrative decision is sought to be reviewed on this appeal.

Following receipt of a letter from Mr. Falk stating that respondents were entitled under Minn. St. 606.05 to have the writ dismissed for noncompliance with § 606.03, relator obtained the issuance of a new writ of certiorari on January 27, 1966. This writ had the same caption as the first, but was addressed to the Civil Service Commission of Minneapolis. It was served on January 27, 1966.

The district court's order dismissing the writs must be affirmed in view of the pertinent statutes. Minn. St. 606.03 provides:

"Each writ of certiorari in a civil case shall be endorsed by some responsible person as surety for costs."

Section 606.01 provides:

"No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby."

Section 606.02 provides:

"Such writ must also be served upon the adverse party within such period of 60 days."

And § 606.05 provides:

"If any writ of certiorari shall hereafter be issued contrary to any provision of this chapter, or shall not be served upon the adverse party within such period of 60 days, the party against which the same is so issued may have the same dismissed on motion and affidavit showing the facts and shall be entitled to his costs and disbursements the same as in other civil actions."

In holding the writs invalid, the district court found that neither had been endorsed as required by § 606.03 and that the writ issued January 27, 1966, was also defective because it had been issued and served more than 60 days after relator had received notice of the commission's decision, in contravention of §§ 606.01 and 606.02.

Relator contends that the lower court erred in dismissing the writs and in requiring strict compliance with the requirement of § 606.03 relating to endorsement "by some responsible person as surety for costs" when relator had filed a surety bond with the clerk of the district court. He contends that the purpose of the statute was met by filing a surety bond, that the statute does not set forth a jurisdictional requirement, and that failure to comply with it does not render a writ fatally defective in the absence of resultant prejudice to the adverse party. Relator cites State ex rel. Boetcher v. Nelson, 137 Minn. 265, 161 N. W. 714, 163 N. W. 510, as controlling in favor of his contentions. In that case, a ditch proceeding, the order for the writ required petitioner to file a bond for costs to be approved by a justice of the court. This was done and held a sufficient compliance with G. S. 1913, § 8315, the predecessor of Minn. St. 606.03. It was also held in the Boetcher case that it was not necessary to serve a copy of the order granting the writ.

The reasons for the holdings are set out in that case and are applicable to the facts and type of proceeding therein. The case is not controlling with respect to the writs issued in the instant case.

In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261, presented an analogous situation in which an appeal to the district court from a decision of the probate court was dismissed because the appeal bond had not been served on the adverse party as required by statute. This court on appeal stated (199 Minn. 437, 272 N. W. 263):

"Appeals from the probate court being entirely statutory, it necessarily follows that there must be compliance with the statute allowing them."

It went on to hold that the service of a copy of the appeal bond was one of the requisites to render the appeal effective and that the use of these words by the legislature indicated a clear intention to make service jurisdictional. The court in the Van Sloun case distinguished Riley v. Mitchell, 38 Minn. 9, 35 N. W. 472, in that the Riley case involved filing of a defective bond which the court could allow to be corrected at its discretion, but in the Van Sloun case the court could not exercise any discretion since no copy of the bond was served. See In re Estate of Kees, 205 Minn. 349, 285 N. W. 836, wherein it was held that an appeal from the probate court to the district court may be dismissed for failure of the appellant to comply with the requirements of the statute that the appeal bond be served.

As a result of the Van Sloun decision, a statutory amendment was enacted, L. 1937, c. 435, § 21, authorizing the district court to permit an amendment allowing service of the bond to perfect appeals from probate court. This amendment was reviewed in In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715, wherein this court concluded that the district court should allow late service of the bond where no prejudice had occurred or would do so.

In the case presently before this court, the statutes are clear and unambiguous. This is true of § 606.03, requiring that each writ of certiorari be endorsed "by some responsible person as surety for costs." Furthermore, § 606.05 clearly provides that if a writ of certiorari is issued contrary to any of the provisions of c. 606, the party against whom the writ is issued "may have the same dismissed on motion and affidavit."

In In re Acquisition of Flying Cloud Airport, 226 Minn. 272, 275, 32 N. W. (2d) 560, 562, this court in reviewing a certiorari proceeding said:

"* * * The right of appeal is purely statutory and is subject to such conditions as the legislature sees fit to impose."

Certiorari as used in Minnesota is not the common-law writ but, rather, a writ in the nature of certiorari and is employed as in the nature of a writ of error or an appeal. Consequently, proceedings thereon are special proceedings within the meaning of our statutes. Our writ of certiorari is statutory and the statutory provisions must be strictly construed. Johnson v. City of Minneapolis, 209 Minn. 67, 295 N. W. 406; State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. (2d) 544; Plunkett v. First Nat. Bank of Austin, 262 Minn. 231, 115 N. W. (2d) 235; The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 85 N. W. (2d) 207. It follows that the filing of a surety bond with the clerk of the district court in the present appeal was not sufficient to satisfy the requirement of § 606.03. Under the circumstances, the writ of certiorari issued December 30, 1965, was fatally defective and a nullity, even though a cost bond had, in connection therewith, been filed with the clerk of the district court. The writ dated January 27, 1966, was properly dismissed because it was not filed and served within 60 days after relator received notice of the commission's decision, as required by §§ 606.01 and 606.02, and because it also did not comply with § 606.03.

Since the court below correctly found the writs fatally defective for failure to comply with these statutory requirements, it will serve no purpose to give further consideration to the other questions and arguments presented on this appeal.

The order of the district court is affirmed.

Affirmed.