**In the Matter of the Proposed Termination of Jeanne VOLZ, Teacher, by Independent School District # 858, St. Charles, Minnesota.**

No. CO–89–1290.

Supreme Court of Minnesota.

Nov. 22, 1989.

———

Harley M. Ogata, St. Paul, for appellant.

James Knutson, Marie Skinner, Knutson, Flynn, Hetland & Deans, St. Paul, for respondent.

KEITH, Justice.

We granted the petition of Jeanne Volz for further review of an order of the court of appeals discharging the writ of certiorari. We reverse and remand.

At issue is an interpretation of Minn. Stat. § 606.03 (1988) which provides:

Each writ of certiorari in a civil case shall be endorsed by some responsible person as surety for costs.

Specifically, the writ issued herein was not itself endorsed but was accompanied by a separate endorsement of an individual as surety for costs. The requisite costs were properly paid. Relying on its own decision, *In re Complaint Regarding Annexation of a Portion of Service Territory of Peoples Cooperative Power Association by Rochester,* 430 N.W.2d 879 (Minn.App. 1988), the court of appeals discharged the writ.

It is our view that the court of appeals has expanded the language of our decision in *State ex rel. Ryan v. Civil Service Commission of Minneapolis,* 278 Minn. 296, 154 N.W.2d 192 (1967), beyond bounds necessary to insure compliance with the purpose of the statute. There, relator obtained the issuance of successive writs of certiorari and filed the appropriate surety bonds, but did not obtain the requisite endorsement. We affirmed the district court's discharge of the writs upon the basis that they were fatally defective for failure to comply with the statutory requirements.

While the statute may contemplate an endorsement on the writ itself, we are convinced that the simultaneous filing of the separate endorsement is sufficient to satisfy the purpose of the statute and that the discharge of the writ of certiorari on the overly technical ground was inappropriate. The writ of certiorari is therefore reinstated and the matter is remanded to the court of appeals for consideration of the appeal on its merits.

Reversed and remanded.