JAMES R. LEE v. MELVIN SKRUKRUD AND ANOTHER.[1]

May 11, 1950.

No. 35,089.

*Smith & Cohen,* for appellant.
*Mogren & O'Donnell,* for respondent.

MATSON, JUSTICE.

Appeal from an order granting a motion to vacate and set aside the service of the summons in a mechanic's lien foreclosure action.

Service of the summons upon defendant Melvin Skrukrud, hereinafter called defendant, was attempted pursuant to M.S.A. 543.05, by leaving a copy thereof at the house of his usual abode with a person of suitable age and discretion then residing therein. Defendant's 17-year-old daughter, Betty, who resided and was present therein, was enjoying the company of her 18-year-old fiance when the purported service was made. Plaintiff first attempted to effect service through a Miss Crosland, but Betty would not open the door. Plaintiff then gained admission to defendant's home by sum-

---

[1]Reported in 42 N. W. (2d) 544.

moning, and accompanying, two police officers, who had been asked to investigate a complaint of alleged juvenile delinquency on the part of Betty and her fiance. Police officer Kramer, who is alleged by plaintiff to have served the summons by handing a copy thereof to Betty, testified—and in this he was corroborated by his fellow officer, St. Sauver—that they entered the home for the purpose of questioning Betty and her fiance concerning the alleged juvenile delinquency. According to Betty, plaintiff personally attempted to hand her a piece of paper, which she refused to take. Kramer said that she then tried to throw the paper on the floor, but that he "shoved it in the pocket of her overalls," saying to her, "Don't be throwing things around." Betty thereupon threw the paper to the floor. Kramer further testified that he did not know what the paper contained and that he did not know he was serving a summons in a civil action. At no time did he make an affidavit of service. Officer St. Sauver's testimony substantially corroborated that of Kramer.

■ The evidence clearly sustains the court's finding that the police officers gained admission to defendant's home fraudulently *through the false representations made by plaintiff*. We find it unnecessary to consider the legal effect of such fraud, in that, in the light of the evidence as a whole, inclusive of plaintiff's personal affidavit, no finding could be sustained that officer Kramer intended to serve, or knew that he had served, a summons. In fact, he did not know the nature of the paper involved. The service of a summons as authorized by § 543.03 and the making of proof thereof in compliance with § 543.14, by necessary statutory implication, requires that the act of effecting such service upon a defendant be performed both *knowingly* and *intentionally*. If there was any service under the circumstances, it was by plaintiff, who, as a party to the action, was disqualified from serving the summons. § 543.03.

■ Plaintiff also asserts that defendant by his notice of motion made a general appearance and not merely a special appearance to challenge the jurisdiction of the court for lack of proper service. Plaintiff's specific assignment of error is directed solely to the fact

that the notice of motion does not expressly indicate that the appearance was special. We find no merit in the contention. The motion itself, to which the notice of motion was attached, by its express terms specified that the appearance was only special. Where a notice of motion fails to indicate whether an appearance is general or only special, the motion itself, to which the notice of motion is attached, may be examined to determine the nature of the appearance. See, Guy v. Dictating M. & R. Co. Inc. 208 Minn. 534, 294 N. W. 877; In re Estate of Van Sloun, 199 Minn. 434, 272 N. W. 261. We find no laches.

The order of the trial court is affirmed.

Affirmed.