**Denise M. SMITH, Appellant,**

v.

**Harold J. FLOTTERUD, et al., Respondents.**

**No. A05–869.**

Court of Appeals of Minnesota.

June 20, 2006.

Daniel J. Moulton, Moulton Law Office, Rochester, MN, for appellant.

Steven L. Viltoft, Lee La Bore, La Bore, Giuliani, Cosgriff & Viltoft, Ltd., Hopkins, MN; and Matt C. Rockne, Rockne Law Office, Zumbrota, MN, for respondents.

Considered and decided by
KALITOWSKI, Presiding Judge;
WILLIS, Judge; and SHUMAKER,
Judge.

## OPINION

WILLIS, Judge.

Appellant challenges the district court's dismissal of her complaint for insufficient service of process. Because the record shows that service was not made knowingly and intentionally and because appellant did not substantially comply with rule 4 of the Minnesota Rules of Civil Procedure, we affirm.

## FACTS

On September 30, 1998, appellant Denise M. Smith was involved in a motor-vehicle accident in Rochester with respondent Harold J. Flotterud. Smith attempted to serve a summons and complaint on Flotterud on April 7, 2004, when process server James Little went to what he believed was Harold Flotterud's address in rural Zumbrota. According to Little, Harold Flotterud's house appeared to be abandoned. In fact, Harold Flotterud had been living in a nursing home since June 2003.

Little spoke to Valerie Leonard, a woman who lived near Harold Flotterud's house, to ask if she knew where Harold Flotterud was and told her that he "had some papers to serve on Mr. Flotterud."

Leonard told Little that she knew Flotterud's son and could get "the papers" to him. Little, who subsequently admitted that he had no training as a process server, gave Leonard an envelope with Harold Flotterud's name on it and left. Leonard then dropped off the envelope at the home of Harold Flotterud's son, handing it to the son's teenage daughter. The daughter in turn gave the envelope to her mother, who subsequently gave it to her husband, who is Harold Flotterud's son, Ronald Flotterud. The parties stipulate that Ronald Flotterud had power of attorney for his father and had the legal authority to receive service of process on his father's behalf. Ronald Flotterud gave the summons and complaint to his father's insurance agent, and the insurance company hired an attorney to represent Harold Flotterud in the suit.

In April 2004, Harold Flotterud served Smith with an answer, in which he raised several defenses, including the insufficiency of service of process. Harold Flotterud never was served with a copy of the summons and complaint at the nursing home. The statute of limitations on Smith's claims expired on September 30, 2004.

In December 2004, Harold Flotterud moved to dismiss, arguing that Smith failed to obtain personal service on him. The district court subsequently issued an order concluding that "service of process was not accomplished by the giving of the summons to Mrs. Leonard" and reserving a ruling, until an evidentiary hearing could be held, on "the remaining issue of whether service was accomplished by Mrs. Leonard leaving the papers with Ron Flotterud's daughter." After the evidentiary hearing, the district court granted Harold Flotterud's motion to dismiss Smith's complaint, concluding that because Leonard did not know that "the envelope contained papers intended to initiate a lawsuit," ser-

vice of process was not made knowingly and intentionally and that, therefore, "service of process was not accomplished." This appeal follows.

## ISSUE

Did the district court err by concluding that there was insufficient service of process?

## ANALYSIS

■ A determination of whether service of process was proper and the interpretation of the rules of civil procedure are both questions of law, which are reviewed de novo. *Amdahl v. Stonewall Ins. Co.,* 484 N.W.2d 811, 814 (Minn.App.1992) (reviewing service-of-process issue), *review denied* (Minn. July 16, 1992); *Barrera v. Muir,* 553 N.W.2d 104, 108 (Minn.App.1996) (interpreting rules of civil procedure), *review denied* (Minn. Oct. 29, 1996).

■ In Minnesota, a civil action is commenced against an individual when a summons is served "by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 3.01(a); Minn. R. Civ. P. 3.02; Minn. R. Civ. P. 4.03(a). Unless otherwise ordered by a district court, the summons may be served by "the sheriff or any other person not less than 18 years of age and not a party to the action." Minn. R. Civ. P. 4.02. Service of a summons must be done "*knowingly* and *intentionally.*" *Lee v. Skrukrud,* 231 Minn. 203, 204, 42 N.W.2d 544, 545 (1950); *State v. Maidi,* 520 N.W.2d 414, 417 (Minn.App.1994), *aff'd,* 537 N.W.2d 280 (Minn.1995). Ser-

vice of process in a manner not authorized by rule 4 of the rules of civil procedure is ineffective. *Tullis v. Federated Mut. Ins. Co.,* 570 N.W.2d 309, 311 (Minn.1997). Without sufficient service of process, a district court has no jurisdiction over a defendant. *Nieszner v. St. Paul Sch. Dist. No. 625,* 643 N.W.2d 645, 648 (Minn.App.2002).

Smith argues that the district court "was wrong to require that Leonard's service be knowingly and intelligently made." She claims that this "requirement was made by the [Minnesota] Supreme Court [in *Lee* ] based upon a now repealed service of process statute [Minn.Stat. § 543.03 (1949) ]" and that there is no such requirement in rule 4. The requirement that service be knowingly and intelligently made did not appear explicitly in section 543.03, just as such a requirement does not appear explicitly in rule 4, which in 1952 superseded the statutes governing service of process, including section 543.03.

■ In *Lee,* the supreme court concluded that "[t]he service of a summons as authorized by [section] 543.03 and the making of proof thereof in compliance with [section] 543.14, *by necessary statutory implication,* requires that the act of effecting such service upon a defendant be performed both *knowingly* and *intentionally.*" 231 Minn. at 204, 42 N.W.2d at 545 (emphasis added). Smith offers no explanation why rule 4, specifically rules 4.02 and 4.06, of the rules of civil procedure, which prescribe who "may make service" and how such service shall be proved and contain language that is the same in all relevant respects to the language in the repealed statutory sections,[1] should be in-

---

1. Rule 4.02 provides that "the sheriff or any other person not less than 18 years of age and not a party to the action, may make service of a summons," while repealed section 543.03 provided that "[t]he summons may be served

by the sheriff of the county in which the defendant is found, or by an other person not a party to the action." Rule 4.06 provides that "[s]ervice of summons and other process shall be proved by the certificate of the sheriff

terpreted differently from their statutory predecessors. And this court has required that service be made knowingly and intentionally since rule 4 became effective. *See Maidi*, 520 N.W.2d at 417 (concluding that summons was served knowingly and intentionally when server was told that she was serving a summons, intended to serve the summons, and acknowledged by a signed affidavit of service that she delivered the summons). The purpose of service of process is to give notice "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action." *O'Sell v. Peterson*, 595 N.W.2d 870, 872 (Minn.App.1999) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). The requirement that service of process be made knowingly and intentionally ensures that service be reasonably calculated to reach the intended party. Therefore, we conclude that rule 4 requires, by implication, that service of process be made knowingly and intentionally.

■ Smith appears to challenge the district court's finding that Leonard did not know that she was delivering a summons and complaint to Ronald Flotterud's house when Smith states in her brief that this court "should be reminded that in Ms. Leonard's first affidavit it was clear that she understood Mr. Little was a process server and had papers to serve on Harold Flotterud." A district court's findings "shall not be set aside unless clearly erroneous." Minn. R. Civ. P. 52.01. Here, the record shows that nothing on the outside of the envelope that contained the summons and complaint indicated what the envelope contained. And Little testified

that it was possible that he had given Leonard the envelope without telling her what was in it. Also, Leonard states in an affidavit that Little "did not tell [her] that [the envelope] contained suit papers," that she did not open the envelope or know what it contained, that she did not tell Ronald Flotterud's daughter what the envelope contained, and that she had not intended "to serve a lawsuit upon the Flotteruds when [she] dropped off the envelope." Based on this record, we conclude that the evidence supports the district court's finding that Leonard did not knowingly and intentionally serve the summons on Ronald Flotterud.

■■ In the alternative, Smith argues that despite any deficiency in service resulting from the fact that Leonard did not serve the summons knowingly and intentionally, service of process was still effective because Ronald Flotterud received actual notice of the lawsuit, thereby satisfying due-process requirements. When "the intended recipient receives actual notice of the action, the rules governing such service should be liberally construed 'to avoid depriving a litigant of his day in court.'" *Pederson v. Clarkson Lindley Trust*, 519 N.W.2d 234, 235 (Minn.App. 1994) (quoting *Indep. Sch. Dist. No. 273 v. Gross*, 291 Minn. 158, 165, 190 N.W.2d 651, 656 (1971)). But actual notice of a lawsuit will not subject a defendant to personal jurisdiction unless the plaintiff substantially complied with rule 4 of the rules of civil procedure. *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn.1988) (concluding that service on a receptionist at defendant's place of business was ineffective because it did not substantially comply with rule 4, even though defendant re-

---

or other peace officer making it, [or] by the affidavit of any other person making it," while repealed section 543.14 provided that "[s]ervice of summons and other papers shall be proved as follows: (1) If made by the sheriff or other officer thereunto authorized by law, by his certificate; if by any other person, by his affidavit."

ceived actual notice). Service of process "must be reasonably calculated to reach the defendant." *O'Sell*, 595 N.W.2d at 872.

Here, the record shows that the summons was not, as required by rule 4.03, served on Harold Flotterud personally or left with a person of suitable age or discretion residing at Harold Flotterud's usual place of abode, which the district court concluded was the nursing home. Instead, the record shows that when Little found no one at Harold Flotterud's house, he gave the envelope containing the summons and complaint to an unrelated third party who, without knowing what the envelope contained, agreed to deliver it to Harold Flotterud's son and gave the envelope to the son's teenage daughter, who gave it to her mother, who gave it to her husband, Ronald Flotterud, who, it was later discovered, had power of attorney for his father. We conclude that this combination of events that led to Ronald Flotterud receiving notice of the lawsuit against Harold Flotterud was not the result of substantial compliance with rule 4 of the rules of civil procedure.

## DECISION

Because Leonard did not knowingly and intentionally serve Ronald Flotterud with the summons and because Smith's attempted service did not substantially comply with rule 4 of the Minnesota Rules of Procedure, the district court did not err by concluding that service of process was insufficient and dismissing the complaint.

**Affirmed.**