STATE OF MINNESOTA

IN SUPREME COURT

A15-0715

Workers' Compensation Court of Appeals                                        Lillehaug, J.
                                                                    Took no part, Hudson, J.


Kelly Dennis,

                 Respondent,

vs.                                                                 Filed:  February 3, 2016
                                                                    Office of Appellate Courts
The Salvation Army and Chesterfield Services, Inc.,

                 Relators,

and

HealthEast Physician Services,
HealthEast St. John's Hospital,
High Pointe Surgery Center,
Minnesota Department of Human Services/BRS,
St. Croix Orthopaedics, and
Nurse Anesthesia Services, P.A.,

                 Intervenors.

                         _____

James A. Batchelor, Batchelor Law Firm, Minneapolis, Minnesota, for respondent.

Mark A. Kleinschmidt, Thomas F. Coleman, Cousineau McGuire Chartered, Minneapolis, Minnesota, for relators.

Charles A. Bird, Grant M. Borgen, Bird, Jacobsen & Stevens, P.C., Rochester, Minnesota and Scott A. Wilson, Minneapolis, Minnesota, for amicus curiae Minnesota Association for Justice.

                         _____

1

Because relators did not timely serve a cost bond upon the Workers' Compensation Court of Appeals as required by Minn. Stat. § 176.471, subd. 3 (2014), the writ of certiorari is discharged and the appeal is dismissed.

Appeal dismissed.

## O P I N I O N

LILLEHAUG, Justice.

Minnesota Statutes § 176.471, subd. 3 (2014) provides: "To effect a review upon certiorari, the party shall serve . . . a bond upon the administrator of the Workers' Compensation Court of Appeals within the 30-day period [for seeking review]." This case requires us to determine whether timely service of that bond is mandatory in order to "have [the WCCA] order reviewed by the Supreme Court on certiorari," *id*., subd. 1. Because timely service of the bond is required, but was not accomplished here, we must discharge the writ of certiorari and dismiss this appeal.

## I.

On February 8, 2013, Kelly Dennis slipped, fell, and injured his left knee. Alleging that the injury arose out of, and in the course of, his employment with The Salvation Army, Dennis filed a claim petition for workers' compensation benefits. The Salvation Army and its insurer, Chesterfield Services, Inc. (collectively relators), denied liability.

By findings and order filed September 4, 2014, the compensation judge awarded Dennis benefits. Relators appealed to the Workers' Compensation Court of Appeals

(WCCA). By decision and order filed April 10, 2015, the WCCA affirmed the findings and order of the compensation judge. Relators had 30 days from the date they were served with notice of the order to have the order reviewed by this court on certiorari. Minn. Stat. § 176.471, subd. 1.

On April 28, 2015, within the 30 days, relators filed a petition for a writ of certiorari with the clerk of the appellate courts, and in return, the clerk provided relators with a conformed writ. Relators served the conformed writ, the petition, and a statement of the case on Dennis, intervenors, and the WCCA on April 30, 2015. That same day, the clerk issued a notice of case filing that provided the parties with the appellate file number and noted that relators had not provided the required affidavit of service for the issued writ. Relators provided the required affidavit the next day.

But there was something else missing from relators' April 28 filing: a cost bond. On May 6, 2015, the WCCA notified the clerk that relators had not served a cost bond on the WCCA as required by Minn. Stat. § 176.471, subds. 3 & 5.

By order filed September 15, 2015, we directed the parties to file informal memoranda addressing whether a cost bond was served on the WCCA and, if not, what effect, if any, the deficiency had on the appeal. Upon receiving our order, relators served a cost bond on the WCCA. Relators also filed a memorandum, arguing that the "imperfect filing of a cost bond" did not affect the court's authority over the appeal, that the court had the authority to extend the time for service of the cost bond, that there had been no prejudice to Dennis, and that any deficiency had been waived by Dennis's silence.

3

For his part, Dennis argued that the plain and unambiguous language of Minn. Stat. § 176.471 required timely service of a cost bond to "effect" this court's review. Dennis further argued that both the alleged lack of prejudice and the alleged waiver are irrelevant to the legal question presented:  whether the court has the authority to review the WCCA decision.

## II.

Decisions of the WCCA are reviewable by this court on certiorari.  Review must be sought within 30 days from the date a party has been served with notice of the WCCA order.  Minn. Stat. § 176.471, subd. 1.  The Legislature has established a series of steps for judicial review by certiorari.  First, the relator must file a petition for a writ of certiorari with the clerk of the appellate courts, who issues the writ.[1]  The relator then serves the issued writ and a cost bond on the WCCA.  The cost bond, which "shall be executed in such amount and with such sureties as the Workers' Compensation Court of Appeals directs and approves," must be "conditioned to pay the cost of the review."  Minn. Stat. § 176.471, subd. 5.  Service of the writ of certiorari and the cost bond operates "[t]o effect a review upon certiorari."  Minn. Stat. § 176.471, subd. 3 ("To effect

---

[1]   Many of the steps for review of WCCA decisions are also found in the Minnesota Rules of Civil Appellate Procedure.  *See* Minn. R. Civ. App. P. 116.02 ("The petition and a proposed writ of certiorari shall be filed with the clerk of the appellate courts.").

4

a review upon certiorari, the party shall serve the writ of certiorari and a bond upon the administrator of the [WCCA] within the 30-day period referred to in subdivision 1.").[2]

Then, "[w]hen the writ of certiorari has been served upon the [WCCA], the bond has been filed, and the filing fee has been paid, the [WCCA] shall immediately transmit to the clerk of the appellate courts that filing fee and the return to the writ of certiorari and bond." Minn. Stat. § 176.471, subd. 6. "Filing such return and payment of the filing fee . . . vests the Supreme Court with jurisdiction of the case." Minn. Stat. § 176.471, subd. 7. "Within 30 days after the writ of certiorari, bond, and filing fee have been filed" with the WCCA, the WCCA transmits to the clerk of the appellate courts "a true and complete return of the proceedings of the [WCCA] under review . . . ." Minn. Stat. § 176.471, subd. 8.

### III.

Relators concede that they did not comply with the requirement of Minn. Stat. § 176.471, subds. 3 & 5, that "to effect review," the cost bond must be served within the 30-day period to appeal. The question is whether that deficiency is fatal to their appeal.

We conclude that it is. The plain and unambiguous purpose of the cost bond is "to effect review upon certiorari." "Effect," as used here, means "to cause to come into being." *Merriam-Webster's Collegiate Dictionary* 724 (10th ed. 2001). *See also*

---

[2]    Our rules similarly require service of a copy "of the petition and writ upon the court or body to whom it is directed and upon any party within 30 days" after the relator was served with written notice of the decision to be reviewed. Minn. R. Civ. App. P. 116.03, subd. 4. The relator must also "file the bond or other security required by statute or by the Supreme Court." Minn. R. Civ. App. P. 116.03, subd. 2.

*Black's Law Dictionary* 533 (7th ed. 1999) ("effect: To bring about; to make happen"). The exclusive method the Legislature has provided for our review of WCCA decisions is by certiorari. Thus, we read "to effect review upon certiorari," in combination with the 30-day time limit, to mean that the review does not come into being—in other words, does not happen—unless and until both the writ of certiorari and the cost bond are timely served. Put another way, a relator cannot invoke the right of review by certiorari without following each of the steps established by the Legislature. *State ex rel. Ryan v. Civil Serv. Comm'n*, 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967) (recognizing that when certiorari review is authorized by statute, "the statutory provisions must be strictly construed").

Our reading is reinforced by the words that come after the phrase, "to effect review upon certiorari." This portion of the statute commands the party seeking review to serve the writ of certiorari *and* the cost bond. Minn. Stat. § 176.471, subd. 3 ("the party *shall* serve a writ of certiorari *and* a bond" on the WCCA (emphasis added)). The word "shall" creates a mandatory duty. *See* Minn. Stat. § 645.44, subd. 16 (2014) (" 'Shall' is mandatory."); *Sumner v. Jim Lupient Infiniti*, 865 N.W.2d 706, 708 (Minn. 2015) ("The first sentence of the statute, by using the word 'shall' to describe the attendance requirement [before a compensation judge], creates a mandatory duty for intervenors."). Subdivision 5 also supports our reading of subdivision 3 because it contains similar mandatory language in reference to the bond: the bond is "required." Minn. Stat. § 176.471, subd. 5. The only reasonable interpretation of the plain and

6

unambiguous directions in this statute is that certiorari review is not available when one step in the process is omitted.[3]

Both this reading of the relevant statutory provisions and our holding are consistent with the long-established principle that we adhere strictly to the statutory requirements for appeals from an executive branch agency. "Proceedings [on a writ of certiorari] are special proceedings within the meaning of our statutes. Our writ of certiorari is statutory and the statutory provisions must be strictly construed." *State ex rel. Ryan,* 278 Minn. at 301, 154 N.W.2d at 196. We have applied this principle to appeals by writ of certiorari to the WCCA. *See Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 282, 126 N.W.2d 266, 269 (1964) (stating, regarding a failure to timely file and serve a notice of appeal to the Industrial Commission, that "many statutes providing for appeals from a lower to a higher administrative agency, or from an agency to the court, have been strictly construed"); *Haimila v. Opsahl Co.*, 208 Minn. 605, 606, 293 N.W. 599, 600 (1940) (discharging writ of certiorari for failure to timely serve the writ on respondents); *Nelson v. Krause,* 201 Minn. 123, 125, 275 N.W. 624, 625 (1937) (noting the bond required for an appeal in a workers' compensation proceeding is "fixed and approved by the [Industrial] commission" and the court has "jurisdiction of the

---

[3]     Relators rely on a separate provision of section 176.471, which provides that the filing of the "return" from the WCCA administrator, along with payment of the filing fee, "vests the Supreme Court with jurisdiction of the case." Minn. Stat. § 176.471, subd. 7. However, subdivision 6 provides that a prerequisite to the return is the filing of the cost bond, and subdivision 3 mandates service of the cost bond on the WCCA. Thus, regardless of the WCCA's return, certiorari review is not "effected," meaning it does not happen, unless the cost bond required by subdivisions 3, 5, and 6 is obtained and timely served upon the WCCA.

compensation proceeding upon the filing with the commission of the bond fixed and approved by it and the payment to its secretary of [the amount] to be transmitted to the clerk of this court for his fees"). We have applied the same principles in other contexts in which our review is invoked through certiorari. *Bunday v. Dunbar*, 5 Minn. 444, 447 (Gil. 362, 363-364) (1861) (stating that where a statute requires service of a writ of certiorari within a specified time, "[t]his particularity . . . puts it beyond doubt that the statute is not merely directory in its requirement that the writ shall be served within ten days, but makes it an essential step in the removal of the cause.").

Even more specifically, we have applied this principle in issuing a series of orders dismissing certiorari appeals for failure to comply with the requirements of Minn. Stat. § 176.471. *See, e.g., Larson v. Herberger's (Bon-Ton Stores, Inc.)*, A13-0647, Order (Minn. filed June 25, 2013) (failure to serve respondent employer with issued writ, and failure to serve the WCCA with writ and cost bond); *Ek v. Virginia Reg'l Med. Ctr.*, A10-1420, Order (Minn. filed Sept. 21, 2010) ("[S]ervice of the writ of certiorari issued by the Clerk of Appellate Courts and cost bond are statutory requirements for obtaining review of decisions of the WCCA"); *Van Buren v. City of Willmar*, A10-0939, Order (Minn. filed July 17, 2010) ("No affidavit demonstrating timely service of the issued writ on the WCCA has been filed."); *Malmquist v. Peterson*, A08-1026, Order (Minn. filed June 30, 2008) (same); *Hagy v. Morton Bldgs., Inc.*, A07-1348, Order (Minn. filed July 16, 2007) ("[T]he writ of certiorari is discharged because it was not timely served on the" WCCA); *Haag v. D.S. Brown Co.*, A04-2294, Order (Minn. filed Dec. 27, 2004) (same). Indeed, as we must do in this case, we have discharged the writ

8

and dismissed appeals based solely on the failure to serve the cost bond. *See Rivera v. Cargill Kitchen Solutions, Inc.*, A15-0625, Order (Minn. filed May 26, 2015) (dismissing for failure to serve a cost bond on the WCCA); *Addington v. Allina Health Sys.*, A09-1076, Order (Minn. filed July 15, 2008) (same); *Fitzgerald v. DOS Trucking, Inc.*, A08-1050, Order (Minn. filed July 11, 2008) (same).

Therefore, because a bond was not served on the WCCA within the 30-day time period, our review has not been effected and we have no statutory authority to decide this certiorari appeal.

III.

Relators nonetheless contend that their failure to serve a cost bond in a timely fashion is not material because they paid the filing fee and the WCCA administrator provided the return to the writ of certiorari when it transferred the record to this court. Thus, they argue, under subdivision 7, jurisdiction "vested" in the supreme court notwithstanding the failure to procure and serve the requisite cost bond. They request that we extend the time for filing the cost bond under subdivision 2, which allows us to "extend the time for filing any other paper which this chapter requires to be filed . . . ." Minn. Stat. § 176.471, subd. 2.

We decline relators' request to cobble together portions of subdivisions 2 and 7, and thereby excuse relators' delay, for two reasons. First, relators' reading flies in the face of the plain, unambiguous, and mandatory, time-limited commands of subdivisions 3, 5, and 6. Second, relators misread subdivision 2, which provides only a limited extension opportunity—specifically, to *file* any other papers. Nothing allows us to

9

extend the time to accomplish the act required by subdivision 3, which is to *serve* the bond on the WCCA. Further, the extension permitted by subdivision 2 distinguishes between what must be filed within the 30-day period, and "other papers." After 30 days, our authority to extend the time is clearly limited to "other papers"—that is, papers other than those that must be filed within 30 days under subdivision 2. And as noted earlier, subdivision 3 makes clear that this authority to extend does not include the cost bond.

Next, relators argue that they were denied an opportunity to cure their failure to file the cost bond. They cite no authority for the proposition that they had any legal or equitable entitlement to notice from the WCCA or the clerk of the appellate courts so that they could timely cure their own filing deficiency, and we have found none.

Relators next argue that there has been no prejudice to Dennis because the protection provided by a cost bond—to guarantee that taxable costs on appeal are paid—does not become "ripe" until the appeal is resolved. But the issue here is not ripeness or prejudice; it is whether relators have complied with a mandatory statutory duty and thereby effected the certiorari review they seek. Whether a cost bond should be necessary to effect certiorari review of a decision by an executive branch agency or court, and, if so, under what circumstances and by what deadlines, are matters of policy for the Legislature, not us, to decide. *See Schuette v. City of Hutchinson*, 843 N.W.2d 233, 238-39 (Minn. 2014) (reasoning that policy determinations in the Workers' Compensation Act are left to the Legislature); *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 151 (Minn. 2014) (noting that it is for the Legislature to determine whether considerations of public policy justify a change in the law).

Finally, relators argue that Dennis waived the cost-bond deficiency by not objecting or moving to dismiss the appeal. Relators rely on *Riley v. Mitchell*, 38 Minn. 9, 35 N.W. 472 (1887), to argue that a statutory bond requirement is a technicality to be excused or waived without affecting this court's jurisdiction. *Id.* at 13, 35 N.W. at 473 (stating that a "defect in the appeal-bond does not go to the jurisdiction, but may be waived" and rejecting the proposition that a bond irregularity "goes to the jurisdiction of the court over the subject matter").

But *Riley* is not a case that arose under the workers' compensation statute. And, as we recognized in *Riley*, "a different rule might obtain" where a statute "makes the right of the appellate tribunal . . . dependent upon the doing of certain acts as an essential prerequisite." *Id.* Based on the plain language of Minn. Stat. § 176.471, reading together subdivisions 1, 2, 3, 5, 6, and 7, and given that the cost bond requirement is a statutory prerequisite for this court to exercise certiorari review over a decision by an executive agency, we cannot excuse relators' deficiency.

Nor can we hold that Dennis waived the issue. Waiver is the intentional relinquishment of a known right. *In re Civil Commitment of Giem*, 742 N.W.2d 422, 432 (Minn. 2007); *Carlson v. Doran*, 252 Minn. 449, 456, 90 N.W.2d 323, 328 (1958). Waiver "is the expression of an intention not to insist on what the law affords." *Carlson*, 252 Minn. at 456, 90 N.W.2d at 328. Here, the issue of the lack of a cost bond was identified by this court and briefing was ordered. There is no indication in the record that Dennis knew of relators' filing deficiency or intentionally relinquished the right to insist

11

that the statute be followed.  Indeed, the record suggests that both relators and Dennis apprehended relators' deficiency only when we ordered briefing.

For all of these reasons, the writ of certiorari is discharged and the appeal is dismissed.


HUDSON, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.