STATE OF MINNESOTA

IN SUPREME COURT

A22-1420

Court of Appeals                                                    Procaccini, J.
                                          Took no part, Hennesy, Gaïtas, JJ.

Joseph Rued,

                    Appellant,

vs.                                                      Filed: October 23, 2024
                                                     Office of Appellate Courts

Commissioner of Human Services,

                    Respondent.

_____

William J. Mauzy, William R. Dooling, Mauzy Law Office, P.A., Minneapolis, Minnesota, for appellant.

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant Scott County Attorney, Shakopee, Minnesota, for respondent Scott County.

Keith Ellison, Attorney General, Mara J. Sybesma, Assistant Attorney General, Saint Paul, Minnesota, for the Minnesota Department of Human Services and the Office of the Minnesota Attorney General.

_____

S Y L L A B U S

1.      The 30-day time limit to serve a notice of appeal on an adverse party of record required by Minnesota Statutes section 256.045, subdivision 7 (2022), is a waivable limitations period rather than a requirement for subject matter jurisdiction.

1

2. Adequate service of a notice of appeal on an adverse party of record under section 256.045, subdivision 7, is necessary for a court to obtain personal jurisdiction over the adverse party of record.

Reversed and remanded.

O P I N I O N

PROCACCINI, Justice.

This case concerns the requirements for appealing an order of the Commissioner of Human Services (the Commissioner). Any person aggrieved by such an order may appeal to a district court by, among other things, serving a notice of appeal on the Commissioner and any adverse party of record within 30 days. Minn. Stat. § 256.045, subd. 7 (2022). Appellant Joseph Rued, the party seeking to initiate judicial review under section 256.045, subdivision 7, failed to serve an adverse party of record—Scott County. Scott County nonetheless appeared at an early hearing, arguing in part that Rued's failure to serve the County with the notice of appeal meant that the district court did not have jurisdiction over the matter. The district court concluded that the County had waived any objection to *personal* jurisdiction by appearing at the hearing. The court of appeals vacated that decision, concluding that the failure to serve the initial pleading on the County deprived the district court of *subject matter* jurisdiction.

The decisions by the district court and court of appeals prompt us to examine whether section 256.045, subdivision 7, creates jurisdictional requirements. Specifically, we must determine whether a party's failure to serve a notice of appeal within 30 days of an order of the Commissioner, as section 256.045, subdivision 7, requires, deprives the

2

district court of subject matter jurisdiction. We hold that the time limit in section 256.045, subdivision 7, is a waivable limitations period and not a requirement for subject matter jurisdiction, and we therefore reverse the decision of the court of appeals concluding otherwise. Adequate service of the notice of appeal under section 256.045, subdivision 7, however, is an independent statutory requirement related to personal jurisdiction. Although the County forfeited appellate review of the district court's determination regarding personal jurisdiction by failing to raise it before the court of appeals, the County has consistently maintained its challenge to Rued's noncompliance with the statutory service requirements in section 256.045, subdivision 7. Accordingly, the County has not waived or forfeited its defense related to the limitations period. We therefore reverse the decision of the court of appeals and remand this matter to the district court to allow the County to either waive its defense related to the limitations period or move for dismissal on that basis.

**FACTS**

Sometime before January 18, 2022, appellant Joseph Rued made a report to Scott County Health and Human Services (the County) that his son may have been sexually abused. Rued made the report as a voluntary reporter under Minnesota Statutes section 260E.06, subdivision 2 (2022). As required by Minnesota law, the County investigated whether the suspected sexual abuse had occurred and whether child protective services were needed. The County concluded that no sexual abuse or other maltreatment had occurred and notified Rued of its determination on January 18, 2022.

3

Rued requested reconsideration of the no-maltreatment determination under Minnesota Statutes section 260E.33, subdivision 2(a) (2022). Two weeks later, the County informed Rued by letter that it had conducted "[a]n independent review of the record" and determined that the finding of no maltreatment was appropriate. The letter also stated that Rued was entitled to appeal the maltreatment determination to the Minnesota Department of Human Services (DHS) by requesting a fair hearing under Minnesota Statutes section 256.045, subdivision 3 (2022).

Rued appealed to DHS, requesting a fair hearing under section 256.045, subdivision 3, and the request was assigned to a human services judge. After a prehearing conference and briefing by the parties, the human services judge recommended that the Commissioner dismiss Rued's request for a fair hearing because section 256.045 does not provide a right to a fair hearing with respect to a no-maltreatment determination. The Commissioner adopted the human services judge's decision as the agency's final decision.

Rued then appealed the Commissioner's decision to Scott County District Court. Under Minnesota Statutes section 256.045, subdivision 7, a party aggrieved by an order of the Commissioner "may appeal the order to the district court . . . by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days after the date the commissioner issued the order, the amended order, or order affirming the original order, and by filing the original notice and proof of service with the court administrator of the district court."[1] Rued served the notice of appeal on the Commissioner

---

[1] The statute's filing requirement is not at issue in this case.

4

within the 30-day time limit, but he failed to serve the notice of appeal on the County, an adverse party of record.

In August 2022, after the 30-day time limit had expired, the district court held a hearing. Rued and his attorney were present. Although the County had not been served with the notice of appeal, an assistant Scott County attorney also appeared at the hearing. Rued argued that he is entitled to a fair hearing under section 256.045, subdivision 3(6), which affords the right to request a hearing to "any person to whom a right of appeal according to this section is given by other provision of law." The County argued that, under section 256.045, subdivision 7, the district court did not have jurisdiction over the matter because Rued did not serve the County with the notice of appeal. In the alternative, the County argued that the Commissioner correctly determined that Rued was not entitled to a hearing to contest a no-maltreatment determination.

The district court denied Rued's request for appeal. The district court reasoned that the County waived the jurisdictional defect—which the district court treated as a matter of personal jurisdiction—by appearing at the August 2022 hearing. On the merits, the district court held that Rued is not entitled to a hearing to challenge a determination of no maltreatment.

Rued appealed to the court of appeals, arguing that he is entitled to a hearing to challenge the no-maltreatment determination. The County argued that Rued's failure to serve the County deprived the district court of subject matter jurisdiction, and the district court should have dismissed Rued's appeal for that reason, regardless of the County's appearance at the August 2022 hearing. The County argued in the alternative that the

district court properly ruled that Rued is not entitled to a fair hearing on the no-maltreatment determination. The County did not separately appeal from or otherwise argue that the district court erred by finding that the County had waived its challenge to personal jurisdiction by appearing at the hearing.

The court of appeals vacated the district court's decision, concluding that the district court did not have subject matter jurisdiction over the appeal because Rued did not serve the notice of appeal on the County as prescribed by section 256.045, subdivision 7. *Rued v. Comm'r of Hum. Servs.*, 993 N.W.2d 295, 304 (Minn. App. 2023). Because the ruling on the jurisdictional issue was dispositive, the court of appeals did not address whether Rued is entitled to a hearing to contest the no-maltreatment determination. *Id.* at 299.

We granted Rued's petition for review. Following oral arguments, we ordered supplemental briefing from the parties addressing several questions related to our case law distinguishing jurisdictional requirements from ordinary procedural requirements and our case law on administrative appeals. We invited the Commissioner and the Minnesota Attorney General to file briefs expressing their views on the same questions. Both parties filed supplemental briefs responding to our order, and DHS and the Attorney General filed a joint brief.

## ANALYSIS

Minnesota Statutes section 256.045, subdivision 7, allows a party to appeal an order of the Commissioner to a district court "by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days." Rued failed to serve a notice of appeal on the County—an adverse party of record—within 30 days or at

6

any other time prior to the district court's denial of the appeal.[2] Accordingly, Rued failed to comply with two statutory requirements under section 256.045, subdivision 7: (1) adequately serving a notice of appeal on an adverse party of record—the "service requirement"—and (2) effecting such service within 30 days—the "30-day time limit." This case requires us to determine whether Rued's failure to comply with either statutory requirement prevented the district court from acquiring jurisdiction over his appeal.

A court's jurisdiction consists of two elements: subject matter jurisdiction and personal jurisdiction. Subject matter jurisdiction refers to a court's authority to hear and determine cases that are presented to it. *Giersdorf v. A&M Constr., Inc.*, 820 N.W.2d 16, 20 (Minn. 2012). Whether a court has subject matter jurisdiction "generally depends on the scope of the constitutional and statutory grant of authority to the court." *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 585 (Minn. 2016). And defects in subject matter jurisdiction may be raised "at any time" and cannot be waived or forfeited by a party. *Seehus v. Bor-Son Constr., Inc.*, 783 N.W.2d 144, 147 (Minn. 2010).

Personal jurisdiction, on the other hand, refers to a court's power to exercise control over the parties. *In re Giem*, 742 N.W.2d 422, 427 n.6 (Minn. 2007); *see Scarborough v. Principi*, 541 U.S. 401, 413–14 (2004). A court generally obtains personal jurisdiction

---

[2]    On appeal to the court of appeals, Rued argued that the County was not an adverse party of record. The court of appeals concluded that "the county was an 'adverse party of record' in the proceedings that led to the commissioner's decision," and Rued did not dispute that conclusion in his appeal to our court. *Rued v. Comm'r of Hum. Servs.*, 993 N.W.2d 295, 301 (Minn. App. 2023).

over a defendant through service of process. *McCullough*, 883 N.W.2d at 590. "Unlike subject-matter-jurisdiction defects, parties can waive personal jurisdiction defects." *Id.*

The court of appeals concluded that the district court lacked subject matter jurisdiction over Rued's appeal because Rued failed to comply with the 30-day time limit provided in section 256.045, subdivision 7. Rued challenges this conclusion, arguing that the 30-day time limit is a waivable limitations period rather than a requirement for subject matter jurisdiction. We agree with Rued—but that does not end our analysis. We must then consider whether the County waived Rued's noncompliance with the 30-day time limit. And we clarify that the *service* requirement is a requirement for personal jurisdiction.

I.

The threshold issue in this case is whether the district court had subject matter jurisdiction to review the Commissioner's order that denied Rued a fair hearing. *See* Minn. Stat. § 256.045, subd. 3. Specifically, we must determine whether the 30-day time limit provided under section 256.045, subdivision 7, is a waivable limitations period or a requirement for subject matter jurisdiction. Because we conclude that the 30-day time limit is waivable, we must also determine whether the County waived Rued's noncompliance with the limitations period. We address these issues in turn.

"The existence of subject-matter jurisdiction is a question of law that we review de novo." *Williams v. Smith*, 820 N.W.2d 807, 813 (Minn. 2012). To resolve the question before us, we must examine and interpret section 256.045, subdivision 7. And statutory interpretation likewise presents a question of law that we review de novo. *In re Krogstad*, 958 N.W.2d 331, 334 (Minn. 2021).

8

A.

We begin by examining the language of the statute under which Rued appealed the Commissioner's order. In relevant part, Minnesota Statutes section 256.045, subdivision 7, provides the requirements to appeal from a Commissioner's order:

> [A]ny party who is aggrieved by an order of the commissioner of human services . . . may appeal the order to the district court of the county responsible for furnishing assistance . . . by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days after the date the commissioner issued the order . . . and by filing the original notice and proof of service with the court administrator of the district court.

The statute grants district courts subject matter jurisdiction over appeals from orders of the Commissioner. And the language explains that an appeal may be initiated by serving a notice of appeal on the Commissioner and any adverse party of record within 30 days. But the question remains whether compliance with the 30-day time limit is a prerequisite to the district court acquiring jurisdiction. The statute's plain language does not answer this question.

In one respect, the language and structure of section 256.045, subdivision 7, indicate that the 30-day time limit is a jurisdictional requirement. Subdivision 7 is titled "Judicial review" and describes the requirements to initiate an appeal from an order of the Commissioner to the district court.[3] Such a structure is distinct from statutory requirements

---

[3]    As we discussed in *Buzzell v. Walz*, 974 N.W.2d 256, 264 n.7 (Minn. 2022), statutory headnotes are catchwords used to show the contents of a section or subdivision, and we do not use them to discern legislative intent. Consistent with this principle, we do not use the headnote of section 256.045, subdivision 7, to determine legislative intent, but rather to assess differences in statutory structure. We also note that the headnote discussed

9

that we have deemed non-jurisdictional "claim-processing" rules. *See McCullough*, 883 N.W.2d at 588 (distinguishing between "claim-processing rules" and "jurisdictional requirements"). For example, in *Carlton v. State*, we concluded that a two-year time limit for the filing of a postconviction petition was non-jurisdictional. 816 N.W.2d 590, 606 (Minn. 2012). In contrast to the 30-day time limit at issue here, the two-year time limit in *Carlton* was included in a subdivision titled "Time limit" and was separate from the subdivision establishing the right to file a petition for postconviction relief. *Id.* at 603; *see* Minn. Stat. § 590.01, subd. 4(c) (2010); *see also Kingbird v. State*, 973 N.W.2d 633, 639–41 (concluding that a two-year time limit was not a jurisdictional bar in part because it was within a subdivision titled "Procedure"). Accordingly, the fact that the 30-day time limit in section 256.045, subdivision 7, is structurally distinct from a typical claim-processing rule supports interpreting that time limit as a jurisdictional requirement.

But the 30-day time limit can also reasonably be read as non-jurisdictional. Section 256.045, subdivision 7, does not contain any language indicating that the Legislature intended the 30-day time limit to act as a jurisdictional prerequisite. *See Carlton*, 816 N.W.2d at 603 (concluding that a statutory time limit was waivable in part because the statute did "not reference the jurisdiction of the [district] court in any way"); *Giem*, 742 N.W.2d at 430 (holding that a hearing deadline was not jurisdictional because

---

in *Buzzell* "never appeared in any bill enacted by the Legislature," which further diminished its relevance because it was not part of the legislative process. 974 N.W.2d at 264 n.7. In contrast, the headnote "Judicial review" from section 256.045, subdivision 7, appeared in the bill as enacted by the Legislature. *See* Act of Apr. 2, 1976, ch. 131, § 1, 1976 Minn. Laws 310, 312.

"the legislature gave no clear indication" that it intended noncompliance with the deadline to divest the district court of subject matter jurisdiction).[4]

Also absent from subdivision 7 is any mandatory language, such as "must" or "shall." *See* Minn. Stat. § 645.44, subds. 15a, 16 (2022) (defining "must" and "shall" as "mandatory"). This distinguishes the 30-day time limit at issue here from other statutory requirements that we have construed as jurisdictional. For example, we have interpreted the 30-day time limit for judicial review prescribed by the Minnesota Administrative Procedure Act as jurisdictional. *See, e.g.*, *In re Midway Pro Bowl Relocation Benefits Claim*, 937 N.W.2d 423, 428 (Minn. 2020). That act provides that a petition for a writ of certiorari "*must* be filed with the court of appeals and served on all parties to the contested case not more than 30 days after the party receives the final decision." Minn. Stat. § 14.63 (2022) (emphasis added). And in *Dennis v. Salvation Army*, we concluded that a cost-bond requirement prescribed by the Workers' Compensation Act was jurisdictional, relying on the statute's language that "[t]o effect a review upon certiorari, the party *shall* serve . . . a bond upon the administrator of the Workers' Compensation Court of Appeals within the 30-day period [for seeking review]." 874 N.W.2d 432, 433 (Minn. 2016) (emphasis added) (quoting Minn. Stat. § 176.471, subd. 3 (2014)). The lack of both mandatory and explicit

---

[4]    The United States Supreme Court has adopted a bright-line "clear statement" rule as to federal statutes, stating that it will "treat a procedural requirement as jurisdictional only if Congress clearly states that it is." *Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (internal quotation marks omitted) (citations omitted)). Such a rule may have its advantages and would likely be dispositive in a case like this one. But our court has not adopted a bright-line rule in this context, and neither party has asked us to do so here.

11

jurisdictional language in section 256.045, subdivision 7, suggests that the 30-day time limit can also be reasonably interpreted as non-jurisdictional.

B.

Because the meaning of section 256.045, subdivision 7, is not discernible from the plain language, we may look beyond the statute's plain language to determine whether the Legislature intended the 30-day time limit to be a jurisdictional bar or a waivable limitations period. *See Carlton*, 816 N.W.2d at 602 (evaluating the legislative history of a statute to determine whether the two-year time limit was a jurisdictional bar); *State v. Pakhnyuk*, 926 N.W.2d 914, 924 (Minn. 2019) ("When a statute is ambiguous, we may rely on the canons of statutory construction to resolve the ambiguity.").

The history of section 256.045, subdivision 7, shows that the Legislature intended its current time limit to be a waivable limitations period. *See Staab v. Diocese of St. Cloud*, 853 N.W.2d 713, 719 (Minn. 2014) (reasoning that "[t]he Legislature's history of enacting and amending [the statute at issue] indicates its intent . . . ."); *see also* Minn. Stat. § 645.16 (5) (2022) (providing interpretive tools that consider "the former law . . . including other laws upon the same or similar subjects"). An early version of the language now found in section 256.045, subdivision 7, provided:

> Any applicant or recipient may . . . within thirty days after the date of the decision made by the State Agency, have the decision reviewed by the district court . . . . *To render this appeal effective*, the applicant or recipient *shall*, within thirty days . . . serve, by registered mail, a copy of the notice of appeal . . . on the State Agency.

Mason's Minn. Stat. ch. 73A § 8688-11 (Supp. 1938) (emphasis added). The use of the phrase "[t]o render this appeal effective" and the mandatory word "shall" in this early

12

version of the statute is very similar to the language that we deemed jurisdictional in *Dennis*. *See Dennis*, 874 N.W.2d at 435 (reading "[t]o effect a review upon certiorari, the party shall serve . . . a bond upon the administrator of the [WCCA] within the 30-day period" as jurisdictional).

In 1939, the Legislature amended the statute, removing the jurisdictional hallmark "[t]o render this appeal effective" and the mandatory "shall."[5] In their place, the Legislature added language similar to that of the current statute:

> If a decision or determination by the state agency is not, in the opinion of the county agency or applicant or recipient, in conformity with this act, either may within thirty days after such decision appeal from the decision or determination of the state agency to the district court . . . by serving a copy of a written notice of such appeal upon the state agency and adverse party.

Mason's Minn. Stat. ch. 73A § 8688-11 (Supp. 1940); *see* Act of Apr. 12, 1939, ch. 195, § 3, 1939 Minn. Laws 273, 277. That language remained the same until 1976 when the Legislature replaced it with the current language of section 256.045, subdivision 7, which states that a person aggrieved by an order of the Commissioner "may appeal the order to the district court . . . by serving a written copy of a notice of appeal upon the commissioner

---

[5] Although the Minnesota statute defining "shall" as mandatory was enacted in 1947, *see* Act of Apr. 2, 1947, ch. 201, § 4, 1947 Minn. Laws 360, 362, our court explained in 1937 that "shall" and "must" were "suggestive of a mandatory meaning," particularly when the statute "declare[s] the consequences of a failure of compliance." *See Wenger v. Wenger*, 274 N.W. 517, 519 (Minn. 1937). Here, the statute declared that an appeal would not be "render[ed] effective" without satisfaction of the service requirement. Mason's Minn. Stat. ch. 73A § 8688-11 (Supp. 1938); *see also Champ v. Brown*, 266 N.W. 94, 98 (Minn. 1936) (discussing "the clear distinction in law between the meaning of the mandatory word 'shall' as compared with the permissive word 'may' ").

13

and any adverse party of record within 30 days." Minn. Stat. § 256.045, subd. 7 (1976); *see* Act of Apr. 2, 1976, ch. 131, § 1, 1976 Minn. Laws 310, 312.

We presume that "the adoption of an amendment is indicative of legislative intent to effect some change in the existing law." *Auto Owners Ins. Co. v. Perry*, 749 N.W.2d 324, 328 (Minn. 2008) (citation omitted) (internal quotation marks omitted). By removing the phrase "[t]o render this appeal effective" and the word "shall," the Legislature likely intended to eliminate any indication that the 30-day time limit represented a jurisdictional requirement. *Cf. Champ v. Brown*, 266 N.W. 94, 97 (Minn. 1936) ("[A]n amendment substituting 'may' for 'shall' manifests a clear intent to make the act referred to optional and permissive instead of mandatory."); *see also id.* at 98 ("It seems to us that there can be no doubt that the revisers knew the clear distinction in law between the meaning of the mandatory word 'shall' as compared with the permissive word 'may.' "). Accordingly, the evolution of section 256.045, subdivision 7, resolves the ambiguity regarding the 30-day time limit in favor of Rued's position that the time limit is a claim-processing rule—a waivable limitations period—rather than a jurisdictional requirement.

Because of our lack of clarity in distinguishing claim-processing rules from jurisdictional requirements, the County finds some support in our case law for its argument that the 30-day time limit is jurisdictional. For example, in *Dennis*, we relied on "the long-established principle that we adhere strictly to the statutory requirements for appeals from an executive branch agency." 874 N.W.2d at 435. And in *Langer v. Commissioner of Revenue*, we stated that "statutory time limits for administrative appeals are to be 'strictly construed,' and that such time limits are 'jurisdictional.' " 773 N.W.2d 77, 80 (Minn. 2009)

(quoting *Kearns v. Julette Originals Dress Co.*, 126 N.W.2d 266, 269 (Minn. 1964)).  But none of those cases arose in the same context or under the statute relevant here.  And we decline to extend the principle of strict construction to our interpretation of the requirements to initiate an appeal to a district court under section 256.045, subdivision 7.  *Cf. Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 26–27 (2017) ("The mandatory and jurisdictional formulation is a characterization left over from days when we were less than meticulous in our use of the term jurisdictional." (citation omitted) (internal quotation marks omitted)).

We therefore hold that the 30-day time limit in section 256.045, subdivision 7, is a non-jurisdictional and waivable limitations period.[6]  Accordingly, we reverse the court of appeals' holding that the district court did not have subject matter jurisdiction over Rued's action for judicial review of the Commissioner's order under section 256.045, subdivision 7.

C.

Having concluded that the 30-day time limit in section 256.045, subdivision 7, is a waivable limitations period, we need to consider whether the County waived Rued's

---

[6]     In coming to the opposite conclusion, the court of appeals largely relied on our holding in *Woodhall v. State*, 738 N.W.2d 357 (Minn. 2007).  In *Woodhall*, we concluded that a party's failure to serve a notice of appeal on all necessary parties within the prescribed 40-day time limit deprived the district court of subject matter jurisdiction.  *Id.* at 362–63.  But *Woodhall* was decided in the specific context of eminent domain proceedings.  "We have repeatedly held that failure to comply with the statute governing appeals from *eminent domain proceedings* is a jurisdictional defect."  *Id.* at 362 (emphasis added).  *Woodhall* is therefore not dispositive, and we decline to extend our analysis in *Woodhall* to the statute here.

15

noncompliance with the 30-day limitations period in section 256.045, subdivision 7. *See Carlton*, 816 N.W.2d at 606 ("Because we find that the limitations period in subdivision 4(c) is not jurisdictional, the State's failure to assert that Carlton's petition was untimely under the 2–year statute of limitations in subdivision 4(c) waived this defense."). Statutory requirements like the 30-day time limit at issue here are "more in the nature of a statute of limitations" and "create[] a defense which might be waived by a defendant who fails to assert it." *Albers v. Fitschen*, 143 N.W.2d 841, 843 (Minn. 1966); *see also Reed v. State*, 793 N.W.2d 725, 732 (Minn. 2010) ("[A] statute-of-limitations defense is a claim-processing rule, which is subject to waiver."). Waiver is the "intentional relinquishment of a known right" or "an estoppel from enforcing it." *Giem*, 742 N.W.2d at 432 (citations omitted) (internal quotation marks omitted). A defendant waives such a defense "by answering to the merits and going to trial without in any manner attempting to avail himself of a statute of limitations." *Albers*, 143 N.W.2d at 843.

Here, the County challenged Rued's untimely service at the August 2022 hearing—the first and only proceeding on the matter. And the parties do not argue, nor does the record suggest, that equitable principles might apply to toll the limitations period. We therefore conclude that the County did not waive its defense by merely appearing at the August 2022 hearing. But neither the district court nor the Court of Appeals squarely considered a defense based on the limitations period. We therefore remand to the district

16

court so that the County may either waive its limitations defense or move for dismissal on that basis.[7]

## II.

We also clarify that the service requirement provided under section 256.045, subdivision 7, is a requirement for personal jurisdiction, independent of the 30-day time limit. *See Larson v. Dunn*, 460 N.W.2d 39, 43 (Minn. 1990) (stating that "whether a claim is time barred is an issue separate from the issue of personal jurisdiction" (citation omitted) (internal quotation marks omitted)). "[A]s we have long held, service of process is the means by which a court obtains personal jurisdiction over a defendant." *McCullough*, 883 N.W.2d at 590. A failure to comply with a statutory service requirement is therefore properly characterized as a defect in personal jurisdiction. *See id.* at 590 n.3 (noting "our long line of decisions treating insufficient service of process as a defect relating to personal jurisdiction"); *Andrusick v. City of Apple Valley*, 258 N.W.2d 766, 767–68 (Minn. 1977) (concluding that a district court did not acquire personal jurisdiction over a party because the party was improperly served).

Here, the district court properly characterized Rued's failure to comply with the service requirement as a defect in personal jurisdiction. The district court further concluded, however, that the County waived insufficient service by appearing at the August 2022 hearing. A party may waive untimely or otherwise inadequate service of

---

[7]     Because Rued's noncompliance with the limitations period was not an issue appealed to us, we take no position on the merits of any future motion for dismissal by the County on those grounds.

17

process "by submitting itself to the court's jurisdiction and affirmatively invoking the court's power." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 381 (Minn. 2008). We are dubious that the County's mere appearance at the hearing—where it challenged Rued's insufficient service—was sufficient to waive lack of personal jurisdiction. *See Patterson v. Wu Fam. Corp.*, 608 N.W.2d 863, 869 (Minn. 2000) ("Our case law demonstrates that a defendant is free to proceed on the merits of a case without fear of waiving the [personal jurisdiction] defense so long as the court has been provided an opportunity to determine the validity of the defense."). Ultimately, however, the County forfeited appellate review of the district court's determination regarding personal jurisdiction because it failed to raise that issue before the court of appeals. *State v. Myhre*, 875 N.W.2d 799, 806 (Minn. 2016) ("Issues not raised in the court of appeals are usually forfeited here."). We therefore decline to reach that issue.

* * *

In sum, the 30-day time limit in section 256.045, subdivision 7, is a waivable limitations period—not a requirement for subject matter jurisdiction. The service requirement provided in section 256.045, subdivision 7, however, remains the means by which a court obtains *personal* jurisdiction over a defendant. And although the County forfeited review of the district court's ruling that the County waived its defense to lack of personal jurisdiction, we see no indication in the record that the County waived or forfeited its defense regarding the limitations period. We therefore reverse the decision of the court of appeals and remand to the district court so that the County may either waive its defense related to the limitations period or move for dismissal on that basis.

18

**CONCLUSION**

For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court for proceedings consistent with this opinion.

Reversed and remanded.


HENNESY and GAÏTAS, JJ., not having been members of this court at the time of submission, took no part in the consideration or decision of this case.